**Rabbi Samuel TEITELBAUM, Larry and Louise Diehl, Plaintiffs-Appellants,**

**v.**

**Theodore SORENSON, dba/Waitwell Nursing Home, Defendant-Appellee.**

**No. 79–3530.**

United States Court of Appeals, Ninth Circuit.

Submitted April 14, 1981.

Decided June 26, 1981.

Bruce Meyerson, Phoenix, Ariz., for plaintiffs-appellants.

John P. Frank, Lewis & Roca, Phoenix, Ariz., for defendant-appellee.

Before TANG and BOOCHEVER, Circuit Judges, and WILLIAMS, District Judge *.

PER CURIAM:

This appeal is from a district court denial of an attorneys fees motion brought under 42 U.S.C. § 1988 (1976).

In March 1979, Appellant, a public interest law firm, brought suit under 42 U.S.C. § 1983 (1976) against Appellee, a nursing home operator. Appellant alleged that Appellee abridged Appellant's First Amendment rights by refusing it access to residents at Appellee's nursing home. Appellant obtained a permanent injunction directing Appellee to grant Appellant access to the facility. The district court, however, denied Appellant's motion for attorneys fees, brought under 42 U.S.C. § 1988 (1976).

* Honorable David W. Williams, United States District Judge for the District of Central California, sitting by designation.

The district court based the denial on two grounds: (1) the case was one of first impression; and (2) the Appellee had acted in good faith in denying Appellant access to the nursing home.

The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 (1976) ("Attorney's Fees Act"), provides in part:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318 [20 U.S.C. 1681 et seq.], or in any civil action or proceedings, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the cost.

Fee denials under the Act are reviewed under an "abuse of discretion" standard. See Sethy v. Alameda County Water District, 602 F.2d 894, 897 (9th Cir. 1979), cert. denied, 444 U.S. 1046, 100 S.Ct. 734, 62 L.Ed.2d 731 (1980). Fees, however, should be awarded to a prevailing plaintiff in a civil rights action "unless special circumstances would render such an award unjust." Id. at 897 (quoting S.Rep.No.94–1011, 94th Cong., 2d Sess. 6, reprinted in [1967] U.S.Code Cong. & Ad.News 5908, 5912). The Attorney's Fees Act itself does not list the "special circumstances" permitting a fee denial. Our decision here must therefore be guided by the Act's legislative history and underlying policy.

I. Novelty of Litigation as a Special Circumstance

It is doubtful that Congress intended the novelty of a plaintiff's claim to be a reason for denying an attorney fee award under the Attorney's Fees Act. In discussing the standards that should govern an attorney fee award, the Senate Report describing the

Attorney's Fees Act cites with approval *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). *See* S.Rep.No. 94–1011, 94th Cong.2d Sess. 6, *reprinted in* [1976] U.S.Code Cong. & Ad.News 5908, 5912. *Johnson* expressly states that a claim's novelty is a factor favoring a fee award rather than being a reason not to award a fee. 488 F.2d at 718.

*Johnson's* ruling comports with the Act's purpose of encouraging citizens to seek legal redress for civil rights violations. Actions based on novel legal theories generally require greater attorney effort than actions based upon familiar legal theories. This effort, in turn, may pay later dividends in ensuring that previously unprotected classes receive the benefit of rights that the Constitution or statutes guarantee. This policy concern has special application here where the seldom litigated rights of nursing home residents are potentially involved. *See* Barnet, *Treatment Rights of Mentally Ill Nursing Home Residents,* 126 U.Pa.L.R. 578 (1978); Staff of Subcomm. on Long Term Care of the Senate Special Comm. on Aging, 94th Cong., 2d Sess., *Nursing Home Care in the United States: Failure in Public Policy* (supporting papers Nos. 1–7) (Comm. Print 1976).

■ Given the policy underlying the Act and the Act's legislative history, the district court erred in using the novelty of Appellant's claim as grounds for denying a fee award.

## II. *Defendant's Good Faith as a Special Circumstance*

■ The Ninth Circuit has ruled that a defendant's good faith is one factor of several that a court may consider in applying the Attorney's Fees Act. *Aho v. Clark,* 608

F.2d 365, 367 (9th Cir. 1979). There are several reasons, however, for accepting the prevailing view[1] that good faith *by itself* is not a special circumstance justifying a denial of attorney's fees.

First, accepting the defendant's good faith as a special circumstance tends to make the Attorneys Fees Act a superfluous legislative enactment. The Senate Report on the Act states explicitly that the Act was prompted by the Supreme Court's holding in *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), which undercut a "common law" judicial rule permitting plaintiffs to recover fees in public interest litigation. S.Rep.No.94–1011, 94th Cong.2d Sess. 4–5, *reprinted in* [1976] U.S.Code Cong. & Ad.News 5908, 5911–11. If it had been Congress' intent to permit attorney's fees only against defendants who acted in bad faith, the Act would have been unnecessary since even *Alyeska* allowed fees in that extraordinary circumstance. *See Alyeska,* 421 U.S. at 258–59, 95 S.Ct. at 1622.

Second, accepting a defendant's good faith as a special circumstance ignores the standards Congress intended courts to follow in making awards. The Senate Report states that "[i]t is intended that the standards for awarding fees be generally the same as under the fee provisions of the 1964 Civil Rights Act," and cites approvingly the Supreme Court's decision in *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968) S.Rep.No.94–1011, 94th Cong., 2d Sess. 4, *reprinted in* [1976] U.S.Code Cong. & Ad.News 5908, 5912. *Newman* expressly rejected a defendant's good faith as a special circumstance with reference to the fee provisions of Title II of the Civil Rights

1. Six circuits—the First, Second, Fourth, Fifth, Seventh, and Tenth—have ruled that a defendant's good faith is not a special circumstance that would render an award of fees unjust. *See Bond v. Stanton,* 630 F.2d 1231, 1234 (7th Cir. 1980); *Bills v. Hodges,* 628 F.2d 844, 847 (4th Cir. 1980); *Love v. Mayor of Cheyenne, Wyo.,* 620 F.2d 235, 236 (10th Cir. 1980); *Holley v. Lavine,* 605 F.2d 638, 646 (2d Cir. 1979), cert. denied, 446 U.S. 913, 100 S.Ct. 1843, 64 L.Ed.2d 266 (1980); *Nadeau v. Helgemoe,* 581 F.2d 275, 280 (1st Cir. 1978); *Brown v. Culpepper,* 559 F.2d 274, 278 (5th Cir. 1977).

One circuit court decision argues that the Supreme Court has implicitly held that a defendant's good faith is not a special circumstance. *See Aware Woman Clinic, Inc. v. Cocoa Beach, Fla.,* 629 F.2d 1146, 1149 n.2 (5th Cir. 1980).

Act. 390 U.S. at 402, 88 S.Ct. at 966. This circuit has reached the same result with respect to the attorney fees provisions of Title VII of the Civil Rights Act. *See Rosenfeld v. So. Pac. Co.*, 519 F.2d 527, 529 (9th Cir. 1975). To remain faithful to the intent expressed in the Senate Report, the results in *Newman* and *Rosenfeld* require rejecting Appellee's good faith as a special circumstance here.

Third, treating good faith as a special circumstance defeats the policy underlying the Attorney's Fees Act. The Senate Report emphasizes that attorney fees awards are not designed to penalize defendants, but are rather to encourage injured individuals to seek judicial relief. S.Rep.No.94–1011, 94th Cong., 2d Sess. 4–6, *reprinted in* [1976] U.S.Code Cong. & Ad.News 5908, 5910–13. *See Nadeau v. Helgemoe*, 581 F.2d 275, 280 (1st Cir. 1978). To act as an effective incentive, fee awards should be the rule rather than the exception. Denying fees where a defendant acts in good faith will defeat this aim since most defendants will be able to demonstrate at least colorable good faith.

The cases cited by Appellee do not support his contention that a defendant's good faith can, by itself, justify a denial of attorneys fees. Appellee first relies upon *Zarcone v. Perry*, 581 F.2d 1039 (2d Cir. 1978), *cert. denied*, 439 U.S. 1072, 99 S.Ct. 843, 59 L.Ed.2d 38 (1979). Like the Ninth Circuit's decision in *Aho v. Clark, Zarcone* holds that a defendant's good faith may be one of several factors a court may consider, *id.* at 1044, but, like *Aho*, the opinion does not state that good faith alone can justify a fee denial. Moreover, the Second Circuit in a decision subsequent to *Zarcone* has ruled that a defendant's good faith by itself is not an adequate justification for a fee denial. *Holley v. Lavine*, 605 F.2d 638, 646 (2d Cir. 1979), *cert. denied*, 446 U.S. 913, 100 S.Ct. 1843, 64 L.Ed.2d 266 (1980).

Appellee also relies upon *Pickett v. Milam*, 579 F.2d 1118, 1120–21 (8th Cir. 1978) and *Skehan v. Board of Trustees*, 590 F.2d 470, 495 (3d Cir. 1978), *cert. denied*, 444 U.S. 832, 100 S.Ct. 61, 62 L.Ed.2d 41 (1979). Both decisions hold that attorneys fees may not be awarded against public officials in their individual capacity unless bad faith is demonstrated. The Supreme Court ultimately endorsed these holdings in *Hutto v. Finney*, 437 U.S. 678, 700, 98 S.Ct. 2565, 2578, 57 L.Ed.2d 522 (1978). *See also Seattle School Dist. No. 1 v. Washington*, 633 F.2d 1338, 1349 (9th Cir. 1980).

The rule announced in these decisions, however, has no applicability here. The legislative history surrounding the Attorney's Fees Act makes clear that Congress intended prevailing plaintiffs in suits against public officials to look to state or local governments for fee recovery rather than to public officials in their individual capacity. *See* S.Rep.No.94–1011, 94th Cong., 2d Sess. 5 & 5 n.7, *reprinted in* [1976] U.S.Code Cong. & Ad.News 5908, 5913. This exception is the logical extension of the now established rule that public officials are immune from personal liability for damages when their unconstitutional acts occurred in good faith. *See Families Unidas v. Briscoe*, 619 F.2d 391, 406 (5th Cir. 1980). As Appellee is not a public official, however, neither the exception nor the exception's rationale applies to exempt Appellee from attorneys' fees liability. The district court therefore erred in ruling that Appellee's good faith was grounds for denying a fee award.

In summary, we hold that the district court abused its discretion in refusing to award attorney's fees to Appellant. The fee denial is reversed and this case is remanded to the district court for proceedings consistent with this opinion.

REVERSED and REMANDED.