MINORITY EMPLOYEES AT NASA
(MEAN), et al., Plaintiffs,

v.

Robert A. FROSCH, In his Official Capacity as Administrator, National Aeronautics & Space Administration (NASA), Defendant.

Civ. A. No. 74–1832.

United States District Court,
District of Columbia.

Nov. 19, 1981.

Roderic V.O. Boggs, Washington Lawyers' Committee for Civil Rights Under Law, and David M. Dorsen, Sachs, Greenebaum & Taylor, Washington, D.C., for plaintiffs.

John W. Polk, Asst. U.S. Atty. Washington, D.C., for the District of Columbia, with whom Charles F.C. Ruff, U.S. Atty., and Royce C. Lamberth, Asst. U.S. Atty., Washington, D.C., were on brief, for defendant.

MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

The Court has before it plaintiffs' motion for an attorney's fee award and defendant's opposition thereto. Plaintiffs' attorney seeks a fee award for the period from March 29, 1976, through September 20, 1978, pursuant to §§ 706(k) and 717(d) of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–5(k) and 2000e–16(d). The defendant does not contest that plaintiffs' attorney is entitled to a fee award, but rather the amount requested. (Defendant's Sept. 18, 1981, Opposition at 4).

Upon a determination that an attorney's fee award is appropriate, the next step is the determination of the award amount. As set out in *Copeland v. Marshall,* 641 F.2d 880, 891 (D.C.Cir.1980), any fee-setting inquiry begins with the "lodestar," the number of hours reasonably expended multiplied by a reasonable hourly rate. The first problem is determining the reasonable number of hours expended by plaintiffs' attorney. *See Lindy Bros. Builders, Inc. of Phil-*

*adelphia v. American Radiator & Sanitary Corp.,* 487 F.2d 161 (3rd Cir.1973).

■ In the present case, plaintiffs' attorney seeks compensation for 204 hours. The defendant contends that the number of hours claimed is excessive and, thus, they should be accorded discovery and a hearing. The Court is in full agreement that the claimed hours are excessive. Indeed, at least 25% of Mr. Boggs' time was spent on telephone conferences. However, the defendant's request for a hearing and discovery will be denied, for it would be a waste of attorney time and judicial resources to get bogged down in every little minute detail. Further, plaintiffs' counsel would have to be compensated for any additional work on the fee petition, and the Court notes that this would more than offset any deleted hours. *See Copeland, supra* at 901. Moreover, *Copeland* does not mandate a hearing. *Id.* at 905. Accordingly, based upon a careful review of the fee application, the Court will delete 20% of the hours claimed, thereby leaving 184 compensable hours.[1]

■ Upon determining the reasonable hours expended by plaintiffs' attorney, the remaining element in fixing a lodestar fee is the reasonable hourly rate. *Id.* at 892. In determining the current billable rates of attorneys in this matter, the Court is guided by the considerations set forth in *Evans v. Sheraton Park Hotel,* 503 F.2d 177, 187 (D.C.Cir.1974). These considerations include: (1) the novelty and complexity of the issues, (2) the amount of risk involved in taking the case, (3) the nature and amount of the results obtained, (4) the skill required to perform the legal services properly, and (5) awards in similar cases. Plaintiffs' at-

torney seeks an hourly rate of $115.00, which the government contends is excessive. Instead, the government argues that a rate of $75.00 an hour would be appropriate.[2] The Court finds $100.00 per hour to be fair and reasonable compensation for Mr. Boggs, as this is the rate that was awarded him in *Bachman v. Pertschuk,* No. 76–0079 (D.D.C. Aug. 18, 1981). Moreover, this rate is similar to rates that this Court has awarded in other cases for attorneys of similar skill. *See Joseph v. Curtis,* No. 80–0125 (D.D.C. April 29, 1981) and *Green v. Department of Commerce,* No. 77–0363 (D.D.C. May 14, 1981). Accordingly, based on the 184 compensable hours at $100.00 an hour, the Court will award an attorney's fee to plaintiffs in the amount of $18,400.00.

■ Plaintiffs' attorney also seeks a multiple of 30% in recognition of the contingency factor and as an incentive award. The Court finds this request to be clearly excessive, as this case did not present any especially novel or difficult questions requiring an unusually high level of skill. However, this Court will award a 10% incentive award because of the contingent nature of success. Accordingly, an additional award of $1,840.00 will be added to the lodestar, for a total fee award of $20,240.00, which the Court finds to be fair and reasonable.

An Order in accordance with the foregoing shall be issued of even date herewith.

---

1. The Court of Appeals in *Copeland, supra* at 903 found that a percentage deletion is an appropriate method of reducing claimed hours in lieu of an hour-by-hour examination. As the Court stated:

   It is neither practical nor desirable to expect the trial court judge to have reviewed each paper in this massive case file to decide, for example, whether a particular motion could have been done in 9.6 hours instead of 14.3 hours.

*Id.* at 903.

2. The $75.00 per hour rate sought to be imposed by the government is less than the $85.00 per hour rate awarded to Mr. Boggs more than two years ago. *Bachman v. Pertschuk,* No. 76–0079 (D.D.C. March 14, 1979), *appeal dismissed,* No. 79–1650 (D.C.Cir. Nov. 20, 1980). This is a blatant example of the bad faith with which the government approaches fee petitions.