Thelma JONES, Plaintiff,

v.

LOCAL 4B, GRAPHIC ARTS INTERNA-
TIONAL UNION, AFL–CIO, et
al., Defendants.

Civ. A. No. 81–3098.

United States District Court,
District of Columbia.

Oct. 9, 1984.

David M. Dorsen, of Sachs, Greenebaum
& Tayler, and Roderic V.O. Boggs, of
Washington Lawyers Committee for Civil
Rights Under Law, Washington, D.C., for
plaintiff.

Elihu I. Leifer, and Victoria L. Bor, of Sherman, Dunn, Cohen, Leifer & Counts, P.C., Washington, D.C., for defendants.

CHARLES R. RICHEY, District Judge.

The origin of this case before the court, involving attorney's fees, was a sex discrimination case involving Thelma E. Jones and the Local 4–B Graphic Arts International Union, AFL–CIO, based under Title VII and 42 U.S.C. § 1988. That suit resulted first in a temporary restraining order and finally in a Consent Judgment to which the union agreed as follows: to stop the discriminatory activity, grant Thelma Jones a position as Recording Secretary of the Local 4B, and pay her the sum of $15,000.00 in compensatory damages. However, the court retained jurisdiction to determine the amount of attorneys' fees and costs, if any, that would be awarded to the plaintiff for the services of her attorneys.

This immediate action began with a motion filed by the plaintiff on March 26, 1982. After appropriate responses were received, this Court issued an order of March 31, 1983 directing both sides to confer on this matter in an effort to settle. Obviously, no successful settlement has been reached in over one year since that date. The Court finds the plaintiff, Thelma E. Jones, to be the "prevailing party" and, as such, entitled to reasonable attorneys' fees. In relationship to these fees, the arguments of the defendants do not persuade this Court to downwardly adjust the lodestar figure. The Court also finds no merit in the allegations that these funds are in trust, involve contractual obligations, or fall under the purview of ERISA. For the reasons set forth below in the opinion, the Court, by order of even date herewith has decided to award the plaintiff attorneys' fees with costs in the amount of $33,095.99.

PLAINTIFF THELMA E. JONES WAS THE "PREVAILING PARTY" SINCE SHE RECEIVED DAMAGES, AND, A POSITION AS WELL AS A BROAD INJUNCTION.

■ The defendants first contend that the plaintiff was not a "prevailing party" because a settlement had been obtained. This argument is not consistent with the clear holding of the Supreme Court, as stated in *Maher v. Gagne,* 448 U.S. 122, at p. 130, 100 S.Ct. 2570, at p. 2575, 65 L.Ed.2d 653 (1980):

... the fact that respondent prevailed through a settlement rather than through litigation does not weaken her claim to fees ... Moreover, the Senate Report expressly stated that for the purposes of the award of counsel fees, parties may be considered to have prevailed when they vindicate rights through a consent judgment or without formally obtaining relief. U.S.Rep. No. 94–1011 p. 5 (1976). U.S.Code Cong. & Admin. News 1976 pp. 5908, 5912.

Using the test in *Maher,* the issue of the plaintiff being a prevailing party rests on whether *her* rights have been "vindicated." As stated before, this consent judgment, outside of granting a broad injunction against discrimination, gave the plaintiff, Thelma E. Jones $15,000 in damages and a position as recording secretary. The Union only received a pledge not to sue. It is clear that Ms. Jones prevailed, and that she has had her rights substantially "vindicated." This Court, therefore, finds no merit in defendants' claim that Ms. Jones was not the prevailing party because of the Consent Judgment.

THERE WERE NO PERSUASIVE ARGUMENTS LEADING TO A DOWNWARD ADJUSTMENT OF THE LODESTAR FIGURE. THEREFORE, THE LODESTAR REQUESTED IS THE REASONABLE FEE.

■ The United States Court of Appeals held in *Copeland v. Marshall,* 641 F.2d 880 (D.C.Cir.1980), that the calculation of attorneys' fees begins with an establishment of a "lodestar," arrived at simply by multiplying "the number of hours reasonably expended by a reasonable hourly rate." (*Supra* p. 892). Further, this figure can be adjusted up or down depending on the par-

ticular circumstances of the case. The burden of such an adjustment, however, rests on the party proposing the deviation. *See, also: Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *National Ass'n of Concerned Veterans v. Secretary of Defense,* 675 F.2d 1319 (D.C. Cir.1982); *Environmental Defense Fund v. Environmental Protection Agency,* 672 F.2d 42 (D.C.Cir.1982). This has been the law because of the presumption in favor of attorney's fees in civil rights cases, *Northcross v. Board of Education,* 412 U.S. 427, 93 S.Ct. 2201, 37 L.Ed.2d 48 (1973).[1]

In this case the plaintiff claims attorneys' fees at the regular rates and hours as follows: [2]

|  | Hours | Rate |  | Lodestar |
|---|---|---|---|---|
| Mr. Dorsen | (194.75 × 120) | = | 23,370.00 |
|  | ( 45.00 × 135) | = | 6,075.00 |
| Mr. Weinman | ( .25 × 100) | = | 25.00 |
| Ms. Gibbons | ( 24.75 × 50) | = | 1,237.50 |
|  | ( 12.75 × 55) | = | 701.25 |
| Mr. Boggs | ( 2.75 × 100) | = | 275.00 |
|  |  |  | $31,683.75 |

The present controversy rests not with the lodestar figure but with the second part of this appraisal, allowing for the adjustment of the lodestar figure. In an effort to convince this Court that a downward adjustment is necessary, the defendants raised several points, two of which are discussed here, another in the next section.

■ To begin, the defendants state that the original case was settled far short of any determination on the merits. The Supreme Court has already answered this, settlements *do not* weaken the claim for attorney's fees, *Maher v. Gagne, supra.*

The second position of the defendants is that the relief ($15,000) was far short of the amount requested ($200,000) in the complaint; surely it is not the contention of the defendants that a smaller settlement reflects negatively on the competency of, or the efforts expended by, an attorney. Further, the defendants claim comes as no surprise to this Court. After all, it is commonplace for settlements to be substantially lower than the relief requested. In fact, under the defendants' argument, no case that is settled could ever result in an award of attorneys' fees. We, therefore, find no merit in the allegation that attorneys' fees should be reduced simply because there could have been a larger settlement.

In a relationship to the above two claims, the Court finds that the defendants have not met their burden to require a downward adjustment of the lodestar and without such adjustments, the present lodestar figures become the reasonable fee.

## THE DEFENDANTS' MEAGER FINANCIAL SITUATION IS NO REASON TO DENY THEIR LIABILITY UNDER THE CIVIL RIGHTS LAWS.

■ This Court is sympathetic to the defendants' statement that there are limited resources to pay these attorneys' fees. (Plaintiff's memorandum p. 4.) However, it must be emphasized that the remedial purpose and policy of 42 U.S.C. § 1988 is to eradicate discrimination wherever found, and, there is no provision for denying liability based on defendants' finances. This is shown in a number of cases:

> Local 192 also argues that it would be inequitable to assess it for back pay because it is a non-profit organization with

---

1. This Court is aware of the recent decision of the Court of Appeals in *Laffey v. Northwest Airlines,* 746 F.2d 4, C.A. No. 83–1839 (D.C. Cir.1984). The *Laffey* case did discuss the nature of attorney fees in *Copeland* and that some change is needed. However, for all its broad ranging discussion, the holding of the Court of Appeals was rather narrow. The Appeals Court held that in cases where an attorney had a common in-house rate, that this in-house rate should be used in determining fees, not a higher average market rate. (*Supra.*)

In the case at bar the rate changed by the plaintiff's attorneys was his in-house rate, which was the same for other such cases such as the one fixed by the court in *Minority Employees at NASA (MEAN) v. Frosch,* 555 F.Supp. 1 (D.C.D.C. 1981). Therefore the present decision is consistent with the recent holding of *Laffey, Id.*

2. In more detail, see also plaintiff's summary of expenses (pp. 1–9) in accord with *National Association of Concerned Veterans v. Secretary of Defense,* 675 F.2d 1319 (D.C.Cir.1982), "which requests sufficiently detailed information about the hours logged and the work done." (p. 1327).

meager assets.... This argument rests on the faulty premise that back pay awards are only compensatory. Though punitive damages are not allowed, the award serves a dual purpose. In addition to compensatory employees who have been wronged, the "reasonably certain prospect" of a back pay award is designed to induce unions, as well as employees, to voluntarily eliminate unfair labor practice. *Russell v. American Tobacco Co.*, 528 F.2d 357, 366 (4th Cir. 1975), *cert. denied.* 425 U.S. 935, 96 S.Ct. 1666, 48 L.Ed.2d 176 (1976).

In a case directly dealing with questions of attorney's fees against a critically financially depressed defendant:

> ... [as to the c]ritical financial difficulties of a defendant, "there is no provision in any of the statutes for denying liability on the inability of defendants to pay." *McPherson v. School District # 186*, 465 F.Supp. 749, 755 (S.D.Ill.1978).

■ This Court realizes that limited resources could cause the Union to take the payment of attorneys' fees out of death benefits and gift funds. However, while Union officers are fiduciaries and have a duty to their beneficiaries, they have a greater responsibility to obey the law. Union officers are the same as private employers, and, are presumed to know the law. They may well have breached a fiduciary duty but this is not before the court here. The case history is clear, and, accordingly, this Court will continue to assess attorney's fees regardless of the financial standing of the defendants, so long as violations continue, and entitlement to attorneys' fees is proper under the law as it is here. This finding applies equally to costs. *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). Costs are undisputed at $1,412.24.

THERE IS NO MERIT IN THE ALLEGATION THAT THESE FUNDS ARE IN TRUST, INVOLVE CONTRACTUAL OBLIGATIONS OR FALL UNDER THE PURVIEW OF ERISA.

■ The plaintiff states that there are only three funds from which the judgment can be satisfied: a general fund for operating expenses, mortuary fund, and, a retirement gift fund. Both parties agree that the operating fund has little or no resources. The issue is the availability of the other two funds. This Court finds unpersuasive, the claims, of defendants, that these funds are either: trusts, contractual obligations or protected by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* (ERISA). The mortuary fund is financed by a specified portion of each member's monthly dues payment, and, is used solely for the payment of death benefits to the beneficiaries of deceased members. The retirement gift fund is similarly funded, solely for the payment of a retirement gift to a member once they have retired. (Defendants' brief, page 8.)

To begin, there is no basis for the claim that these funds are held in trust. The plaintiff concedes that there is no formal trust, and, this Court finds no justification for imposing a constructive or implied trust. The Constitution of Local 4B Article XVI itself describes the type of arrangement involved with these funds:

> All benefits paid by the former Local 4B Mortuary Fund and the Local 4B and 75B Gift Benefit Fund shall continue to be paid to the members of each respective Local until such time as the Local, pursuant to a study, determines the level of funding for each fund.

Assuming, *arguendo*, that the elements of a trust are present, the Union's constitution allows changes to be made in the constitution by majority vote. No "trust," constructive or implied, can exist under such illusory guidelines as are here present. Moreover, the defendants' choice of case law is equally not persuasive. The defendants cite only cases which relate to trustees who, on their own volition, attempted to enrich themselves. This is not the issue here. The payment of funds in the case at bar are court ordered.

These funds are also not protected by ERISA nor are they a contractual obliga-

tion. The Constitution of Local 4B shows no plan, nor any reporting or filing required by the statute. 29 U.S.C. §§ 1102, 1021–25. Further, it is interesting to note that the defendants' attempt to bring their moneys under ERISA is anomalous. If these allegations are true, the absence of filing and reporting indicates, to the members and the Union, that such funds are not protected by ERISA. Further, the defendants' officer, Reece, among others, may well be subject to criminal prosecution for failure to comply with the statutory disclosure and reporting requirements of ERISA which they have not done.

Finally, as to the alleged contractual obligations, the unions' constitution, as set forth in Article XVI, is not contractually binding. It lacks essential elements of a contract necessary to make it binding on the parties.

All of the above funds are available to satisfy the judgment. As to a final contention of the defendants that Mr. Reece is not an appropriate party to this suit, this Court finds this to be erroneous. The plaintiff, in her Brief, looks to the Union 4B as the appropriate party. Moreover, Union officers who disobey the civil rights laws may be personally liable along with the Union itself.

PLAINTIFF DID NOT PREVAIL ON THE MOTION TO COMPEL COMPLIANCE WITH THE PERMANENT INJUNCTION. THEREFORE, THE PLAINTIFF IS NOT A PREVAILING PARTY, AND THIS COURT MUST DENY THE APPLICATION FOR SUPPLEMENTAL REQUESTS.

This Court finds no basis for the plaintiff's contention that attorneys' fees are due her for recent legal expenditures. The mere fact that the plaintiff prevailed in the previous litigation does not grant her a license to charge the defendants with any or all fees in the future employment of her attorney. The previous standard is the same for the defendants. No compensation will be awarded, for time spent on litigating claims on which a party has not

prevailed. *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). On June 21, 1982 the motion to compel compliance with the permanent injunction was denied. Ms. Jones, therefore, did not prevail and hence is not entitled to these supplemental attorneys' fees.

### CONCLUSION

This Court finds that the fees expended by Mr. Dorsen and his staff, excluding the Supplemental Request, were fair and reasonable under the circumstances of this case. Further, since the plaintiff does not seek an upward adjustment of the lodestar, and the defendants have failed to overcome their burden for decreasing the lodestar, this Court holds the lodestar as a reasonable fee and awards said fee in the sum of $31,683.75, plus court costs of $1,412.24, or a total of $33,095.99. The Court finds no merit in the exclusion of the funds named here, and, directs payment from such funds. It is this Court's belief that the awarding of fair and reasonable attorneys' fees to the prevailing party in these and similar discrimination actions maintains the integrity of the civil rights statutes, and promotes remedial policies as previously stated. Accordingly, the Court orders the defendants to make payment of the aforesaid fees and court costs forthwith within ten days from the date of the Order of even date herewith.

### ORDER

Upon consideration of plaintiff's motion for attorneys' fees, defendants' response thereto, the entire record in this case, the Court finding that Mr. Dorsen's hourly rate was $120 up to and including January 31, 1982, and $135 thereafter, that Mr. Weinman's hourly rate has been $100 throughout this case, that Ms. Gibbons hourly rate was $50 up to and including January 31, 1982, and $55 thereafter, and that Mr. Boggs hourly rate has been $100 throughout this case, that the hours expended by counsel were reasonable under the circumstances of the case, that plaintiff does not seek any upward adjustment from the lode-

star, that defendants have failed to provide a basis for reducing the lodestar, it is by the Court, this 5th day of October, 1984,

ORDERED, that plaintiff be awarded attorneys' fees and costs as follows:

| | Hours | | Rate | | Lodestar |
|---|---|---|---|---|---|
| Mr. Dorsen | (194.75 | × | 120) | = | 23,370.00 |
| | ( 45.00 | × | 135) | = | 6,075.00 |
| Mr. Weinman | ( .25 | × | 100) | = | 25.00 |
| Ms. Gibbons | ( 24.75 | × | 50) | = | 1,237.50 |
| | ( 12.75 | × | 55) | = | 701.25 |
| Mr. Boggs | ( 2.75 | × | 100) | = | 275.00 |
| | Sub-Total | | | | $31,683.75 |
| | Costs | | | | 1,412.24 |
| | Total Award | | | | $33,095.99 |