232 N.J. Super. 34 (1989)
556 A.2d 348
SHADRICK GREGG, JEAN GREGG, DAVID GREGG AND ELIZABETH GREGG, T/A LOCUST GROVE MOBILE HOME PARK, PLAINTIFFS-APPELLANTS,
v.
TOWNSHIP COMMITTEE OF THE TOWNSHIP OF HAZLET, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 7, 1989.
Decided March 30, 1989.
*36 Before Judges MICHELS, LONG and MUIR, Jr.
Janet Daymude argued the cause for appellants (Gross & Hanlon, attorneys; Christopher J. Hanlon, of counsel and Janet Daymude, on the brief).
Francis X. Journick, Jr. argued the cause for respondent (Wilentz, Goldman & Spitzer, attorneys; Harold G. Smith of counsel and Francis X. Journick, on the brief).
The opinion of the court was delivered by LONG, J.A.D.
Plaintiffs, Shadrick Gregg, Jean Gregg, David Gregg and Elizabeth Gregg, t/a Locust Grove Mobile Home Park, appeal from that portion of a Superior Court judgment which denied their application for the assessment of counsel fees against defendant, Township Committee of the Township of Hazlet. The case arose in 1987 when plaintiffs, owners of a mobil home park, sought and obtained a rent increase from the township rent leveling board. Tenants of the park appealed to the defendant which considered the case "during private executive sessions." Plaintiffs had neither notice of these sessions nor opportunity to be heard. Defendant later enacted a resolution substantially reducing the increase. Plaintiffs filed this action in lieu of prerogative writs alleging that defendant had denied them due process and thus violated 42 U.S.C. § 1983; that they were entitled to counsel fees under 42 U.S.C. § 1988; and that defendant violated the Open Public Meetings Act, N.J.S.A. 10:4-6 et seq. The trial judge ruled that (1) by denying plaintiffs *37 notice and an opportunity to be heard, defendant violated their rights to due process; (2) defendant violated the Open Public Meetings Act; and (3) the matter had to be remanded to the governing body for reconsideration of the rent increase. The trial judge denied counsel fees:
As for the plaintiffs' request for counsel fees, there is no doubt that it is clearly in this Court's discretion as to whether same are warranted. Case law does exist that allows for the prevailing party in a civil rights action to recover counsel fees, absent a showing that special circumstances exist making it appropriate.
Township points out to the Court that the committee did act in good faith at all times throughout the proceedings below. They conducted a de novo review based on the record supplied by the Rent Control Board. This factor, plus the overriding concern that the innocent taxpayers of Hazlet would be the ultimate bearers of awarding a counsel fee, does amount to I find, special circumstances that would make counsel fees inappropriate in this action.
Plaintiffs appeal. Because the reasons advanced by the trial judge in support of the denial of fees were improper, we reverse and remand the case to him for reconsideration of the counsel fee issue, in light of, the appropriate standard.
The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 prescribes that in a section 1983 action, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." On appeal, it is conceded that plaintiffs proved a section 1983 due process violation and that plaintiffs were prevailing parties, a prerequisite for recovery under section 1988. Singer v. State, 95 N.J. 487, 492 (1984), cert. den. 469 U.S. 832, 105 S.Ct. 121, 83 L.Ed.2d 64 (1984). The parties diverge over the extent of the discretion vested in the trial judge to deny attorney's fees to a prevailing party. Plaintiffs claim that fees should be allowed absent "special circumstances," a very narrow category. Defendant, on the other hand, argues that the trial judge's discretion is very broad.
Although the award of fees is discretionary, it was clearly the intent of Congress in passing section 1988 that fees be awarded as a matter of course. See Zarcone v. Perry, 581 F.2d 1039, 1041-1042 (2d Cir.1978), cert. den. 439 U.S. 1072, 99 *38 S.Ct. 843, 59 L.Ed.2d 38 (1979) (discussing legislative history of section 1988); Carlstadt Educ. Ass'n v. Mayor & Council of Carlstadt, 219 N.J. Super. 164, 167-168 (App.Div. 1987). Fees may be denied only where special circumstances would make such an award unjust. Carlstadt Educ. Ass'n, supra, 219 N.J. Super. at 167 (citing Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968)).[1] In short, fees should be the rule rather than the exception and the special circumstances exception should be applied only in unusual cases. Ackerley Communications, Inc. v. City of Salem, Or., 752 F.2d 1394, 1396 (9th Cir.1985), cert. den. 472 U.S. 1028, 105 S.Ct. 3503, 87 L.Ed.2d 634 (1985); Entertainment Concepts, Inc., III v. Maciejewski, 631 F.2d 497, 506-507 (7th Cir.1980), cert. den. 450 U.S. 919, 101 S.Ct. 1366, 67 L.Ed.2d 346 (1981). Thus, a trial judge's discretion in denying a fee is quite limited. See M. Schwartz and J. Kirklin, Section 1983 Litigation: Claims, Defenses and Fees, §§ 16.1-16.2 (1986) [hereinafter Schwartz and Kirklin]. Indeed, defendant has been unable to cite any case in which a reviewing court has upheld a denial of attorney's fees to a plaintiff, who was in fact, represented by an attorney.
It is on this backdrop that the denial of fees in this case must be viewed. The trial judge advanced two reasons for the denial: good faith and taxpayer burden. Turning first to good faith, it is well-established, and both parties agree, that the good faith of a defendant, standing alone, may not justify a denial of attorney's fees under section 1988. See Hutto v. Finney, 437 U.S. 678, 693-700, 98 S.Ct. 2565, 2574-2578, 57 L.Ed.2d 522 (1978), reh'g den. 439 U.S. 1122, 99 S.Ct. 1035, 59 *39 L.Ed.2d 83 (1979). Schwartz and Kirklin, supra, at § 16.12 summarize the case law on this subject:
Losing defendants in civil rights cases frequently argue that they should not be held liable for § 1988 attorney's fees because they acted in good faith in their involvement in the conduct underlying the litigation or in their defense of the civil rights suit. This contention is most frequently heard from a defendant enforcement official, successfully sued in an official capacity, who had no responsibility for the enactment of the illegal law or policy, had no power to modify or terminate it, and was duty-bound by law to enforce it. However, the Supreme Court made it clear in Hutto v. Finner that the awarding of § 1988 attorney's fees against a governmental defendant, successfully sued in an official capacity, is not dependant on a finding that such defendant acted in bad faith. Similarly, the Court held, in Supreme Court of Virginia v. Consumers Union, that defendant enforcement officials who were not responsible for the enactment of unconstitutional state legislation that they were obligated to implement nonetheless were liable for § 1988 fees in their official capacities. Correspondingly, the lower courts are in agreement that good-faith behavior on the part of a losing defendant, whether a governmental official or a private citizen, prior to or during the litigation generally does not qualify as a special circumstance freeing the defendant from § 1988 fee liability to the prevailing plaintiff. [Footnotes omitted].
The point is fairly obvious; it was the intent of Congress in enacting section 1988 to require an award of fees in all but exceptional cases in order to encourage litigants to vindicate civil rights violations. See Teitelbaum v. Sorenson, 648 F.2d 1248, 1251 (9th Cir.1981); Schwartz and Kirklin, supra, at § 16.12. As the court in Teitelbaum reasoned:
To act as an effective incentive, fee awards should be the rule rather than the exception. Denying fees where a defendant acts in good faith will defeat this aim since most defendants will be able to demonstrate at least colorable good faith. [648 F.2d at 1251].
Thus, unless the trial judge advanced another viable reason for denial of fees, the denial must be reversed.
We turn to the question of taxpayer burden. It is generally accepted that the financial condition of the parties may not constitute special circumstances to defeat a prevailing plaintiff's entitlement to a section 1988 fee award. See Inmates of Allegheny County Jail v. Pierce, 716 F.2d 177, 180 (3d Cir.1983); Entertainment Concepts, Inc., III v. Maciejewski, supra, 631 F.2d at 507; Schwartz and Kirklin, supra, at § 16.3. The fact that a judgment against a government entity *40 will ultimately fall on innocent taxpayers simply does not affect a prevailing plaintiff's entitlement to such an award. See Kirchberg v. Feenstra, 708 F.2d 991, 999 n. 7 (5th Cir.1983); Coalition for Basic Human Needs v. King, 691 F.2d 597, 602-603 (1st Cir.1982); Robinson v. Kimbrough, 652 F.2d 458, 467 (5th Cir.1981); Aware Woman Clinic v. City of Cocoa Beach, 629 F.2d 1146, 1150 (5th Cir.1980); Riddell v. National Democratic Party, 624 F.2d 539, 545 (5th Cir.1980); Johnson v. Mississippi, 606 F.2d, 635, 637 (5th Cir.1979); Spell v. McDaniel, 616 F. Supp. 1069, 1081 (E.D.N.C. 1985). The reason for this is that in every case involving a section 1983 violation, the innocence of the taxpayers could be interposed to defeat the innocent victim and thus thwart the congressional policy favoring the award of fees. In S.Rep. No. 94-1011, 94th Cong., 2d Sess. 2, reprinted in 1976 U.S.Code Cong. & Admin.News 5908, 5910, Congress explained the policy considerations underlying section 1988:
[The] civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these laws contain.
In many cases arising under our civil rights laws, the citizen who must sue to enforce the law has little or no money with which to hire a lawyer. If private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights in court.
Defendant spins off on its innocent taxpayer argument with the suggestion that the financial status of the Township itself is such that it cannot pay any fee award without a reduction in the services it provides to the public. We disagree. First, defendant offered no proof before the trial judge that the payments of these fees would in any way inhibit its functioning. More importantly, it is well settled that the fact that a public or private defendant is suffering from budgetary problems or limited resources does not affect a prevailing plaintiff's entitlement to a fee award. See Inmates of Allegheny County Jail v. Pierce, supra, 716 F.2d at 180; Hall *41 v. Board of School Comm'rs, 707 F.2d 464, 465 (11th Cir.1983); Lenard v. Argento, 699 F.2d 874, 899-900 (7th Cir.1983); Cohen v. West Haven Bd. of Police Comm'rs, 638 F.2d 496, 505-506 (2d Cir.1980); Aware Woman Clinic v. City of Cocoa Beach, supra, 629 F.2d at 1150; Riddell v. National Democratic Party, supra, 624 F.2d at 546; Knighton v. Watkins, 616 F.2d 795, 799-800 (5th Cir.1980); Johnson v. Mississippi, supra, 606 F.2d at 637; Cool v. Police Dep't of Yonkers, 620 F. Supp. 954, 956 n. 5 (S.D.N.Y. 1985); Spell v. McDaniel, supra, 616 F. Supp. at 1082; Jones v. Local 4B, 595 F. Supp. 792, 794-795 (D.D.C. 1984); Thompson v. Sawyer, 586 F. Supp. 635, 642-643 (D.D.C. 1984); Stanwood v. Green, 559 F. Supp. 196, 200-201 (D.Or. 1983), aff'd 744 F.2d 714 (9th Cir.1984); Vulcan Soc'y v. Fire Dep't, 533 F. Supp. 1054, 1060 (S.D.N.Y. 1982); Sharrock v. Harris, 489 F. Supp. 913, 915 (S.D.N.Y. 1980); McPherson v. School Dist. No. 186, 465 F. Supp. 749, 755 (S.D.Ill. 1978). In sum, financial hardship is not a special circumstance justifying denial of a fee and even if it was a consideration in determining the amount of the fee, see Vulcan Soc'y v. Fire Dept., supra, 533 F. Supp. at 1060, no proof of hardship was adduced here. Thus, neither of the reasons advanced by the trial judge for denying plaintiff's fees can be sustained.
Defendant finally argues, for the first time on appeal, that where the issue adjudicated does not implicate a public interest, attorney's fees may be denied. Although we are not compelled to reach this issue because of its tardy emergence, see Nieder v. Royal Indemnity Ins. Co., 62 N.J. 229, 234 (1973), we will address it. In so doing, we reject defendant's contention on the basis of the holding of our Supreme Court in Singer v. State, supra, that on a section 1988 fee application, this kind of an "assessment of the comparative significance of the particular rights involved in the litigation" is improper:
To engage in such a weighing process could lead to disparate results, defeat the award of fees in meritorious cases and undermine the implicit rationale of the *42 Awards Act that `the best way to enforce civil rights is by enabling every citizen to vindicate his own injury.' [95 N.J. at 498; citation omitted].
We thus reverse the order denying counsel fees and remand the matter to the trial judge for a redetermination of this issue in light of the standards we have enunciated.
NOTES
[1] The United States Supreme Court has recently reiterated this principle in considering whether an attorney's fee allowed under Title 42 U.S.C. § 1988 is limited to the amount provided in a contingent fee arrangement entered into by plaintiff and his counsel. Blanchard v. Bergeron, ___ U.S. ___ & n. 1, 109 S.Ct. 939 & n. 1, 103 L.Ed.2d 67 (1989).