698 A.2d 25

JAMES E. HUNTER, PLAINTIFF–APPELLANT, v. TRENTON HOUSING AUTHORITY, A MUNICIPAL AGENCY OF THE CITY OF TRENTON, W. OLIVER LEGGETT, IN HIS CAPACITY AS EXECUTIVE DIRECTOR, TRENTON HOUSING AUTHORITY, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued May 13, 1997—Decided July 30, 1997.

Before Judges STERN, HUMPHREYS and WECKER.

*Cynthia M. Dennis,* argued the cause for appellant (New Jersey Protection and Advocacy, Inc., attorneys; *Ms. Dennis* on the brief).

*Stuart A. Tucker*, argued the cause for respondents (*Trenton Housing Authority*, attorneys; *Mr. Tucker* on the brief).

The opinion of the court was delivered by

WECKER, J.S.C. (temporarily assigned).

Plaintiff James E. Hunter is the prevailing party in a civil rights action against the Trenton Housing Authority under federal and state law. Hunter appeals an order denying his application for attorney's fees.

The issue before us is narrow: whether the Authority's "good faith" or any "special circumstances" warrant the denial of attorney's fees. Because we conclude that Hunter is entitled to an attorney's fee under the federal and state statutes sued upon, we reverse and remand for determination of an appropriate attorney's fee consistent with *R.* 4:42–9.

Hunter was a 64–year–old disabled resident of a public housing unit operated by the Authority. He had lived in his apartment for twenty years. Hunter suffered from a chronic bone (Paget's) disease, underwent more than 70 operations since 1971, and used a motorized wheelchair most of the time. He could ambulate short distances with a walker or cane. In 1990, his two-floor unit was modified by installation of a stairglide. Beginning in June 1995, Hunter attempted to obtain permission from the Authority to build a wheelchair ramp at the entrance to his front door, where two steps presented a barrier. Funding was available from another agency,[1] and Hunter needed only the Authority's written consent. His written requests were either ignored or delayed and were ultimately denied by the Authority, with no reasons given. Project Freedom, the funding agency, wrote to the Authority

---

[1] The New Jersey Department of Labor, Division of Vocational Rehabilitation Services provided grant monies to Project Freedom, Inc. The Project was at all relevant times prepared to pay the cost of construction.

seven times between June 30 and October 6, 1995 [2] explaining Hunter's need and the present availability of construction funds. The letters also explained that the time to make use of available funds would run out. The Authority responded to the June 30 letter by requesting plans for the ramp, which were provided. No further responses appear, and the Authority gave no reasons for its refusal until after litigation was initiated by Hunter. Instead of consenting to the ramp, the Authority proposed that Hunter move to a unit in another senior citizens' building where wheelchair access was already in place.

In March 1996 Hunter filed a verified complaint seeking relief under the New Jersey Law Against Discrimination, *N.J.S.A.* 10:5–1 *et seq.* (LAD) and the Fair Housing Amendments Act, 42 *U.S.C.A.* § 3601 *et seq.* (FHAA). The trial judge concluded that the Authority's offer to make a different, accessible apartment available was not a reasonable accommodation to Hunter's handicap and that Hunter was entitled to permission for the ramp as a reasonable accommodation to his handicap. The judge did not explicitly refer either to LAD or the FHAA in making that determination. We therefore conclude that his finding arose under both.

With respect to Hunter's application for fees, the trial judge concluded that fees were discretionary, that both sides had acted in good faith, and that fees therefore should be denied. The trial judge gave this explanation:

> While very consistently taken the position after reviewing the documents in this case that effort would be made to resolve the issues satisfactorily to all concerned, substantial issues were raised which makes the application warranted and makes the various issues raised on defense warranted, on the defense here warranted. While the issue of counsel fees is discretionary on the Court, I'm satisfied that both sides here have acted in good faith and while attorneys' fees are not punitive per se, to assess attorney fees against a public agency requires that this Court makes a

---

[2] The record reveals Project Freedom's letters to William Oliver Leggett, Executive Director of the Authority, dated June 30, August 8, August 22, September 7, September 13 and September 19. The final letter dated October 6 is addressed to the Assistant Director.

finding other than the fact that an action was brought and matter is resolved. The application for fees is denied.

■ Rule 4:42–9(a)(8) provides for counsel fees "in all cases where counsel fees are permitted by statute." Both the FHAA and LAD authorize fees to a prevailing party.[3] The Authority admits that Hunter is a prevailing party under governing law, but contends that "special circumstances" warrant the denial of fees. *Northcross v. Board of Educ.*, 412 *U.S.* 427, 428, 93 *S.Ct.* 2201, 2202, 37 *L.Ed.*2d 48, 50 (1973) (quoting *Newman v. Piggie Park Enterprises, Inc.*, 390 *U.S.* 400, 402, 88 *S.Ct.* 964, 966, 19 *L.Ed.*2d 1263, 1266 (1968)). A prevailing party[4] in federal civil rights litigation " 'should ordinarily recover an attorney's fee [under 42 *U.S.C.A.* § 1988] unless special circumstances would render such an award unjust.' " *Northcross, supra; Newman, supra; Singer v. State*, 95 *N.J.* 487, 497–98, 472 *A.*2d 138 (1984). *See also H.I.P. v. K. Hovnanian at Mahwah, IV, Inc.*, 291 *N.J.Super.* 144, 156, 676 *A.*2d 1166 (Law Div.1996) (attorney's fee awarded under Fair Housing Amendments Act and LAD after court rejected defendant's argument that special circumstances exception applied). Under another state fee-shifting statute, we have held that a prevailing plaintiff "should ordinarily recover an attorney's fee as allowed by statute unless special circumstances would render such an award unjust." *Girandola v. Allentown*, 208 *N.J.Super.* 437,

---

[3] 42 *U.S.C.* § 3613(c)(2) provides:

In a civil action under subsection (a) of this section, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee and costs. The United States shall be liable for such fees and costs to the same extent as a private person.

*N.J.S.A.* 10:5–27.1 provides:

In any action or proceeding brought under this act, the prevailing party may be awarded a reasonable attorney's fee as part of the cost, provided however, that no attorney's fee shall be awarded to the respondent unless there is a determination that the charge was brought in bad faith.

[4] Under 42 *U.S.C.* § 3613(c)(2), the term " '[p]revailing party' has the same meaning as such term has in section 1988 of this title." 42 *U.S.C.* § 3602(*o*). Thus the common law that has developed under § 1988 is equally applicable to § 3613.

442–43, 506 *A.*2d 64 (App.Div.1986) (Environmental Rights Act, *N.J.S.A.* 2A:35A–1 *et seq.*).

██ The Authority claims as "special circumstances" that it objected to the proposed ramp because the ramp would have encroached on the property of others; would not have complied with the building code; and required removal of a tree. The Authority did not provide Hunter with any such objections in response to his seven letter requests. Furthermore, when the ramp was finally approved as ordered, the plans did not require removal of a tree; the encroachment was only one foot; and the record does not reveal a building code violation.

██ We accept the trial judge's finding that the Authority acted in good faith. While *N.J.S.A.* 10:5–27.1 expressly bars a fee award to a prevailing defendant unless "the charge was brought in bad faith," no similar provision applies to a prevailing plaintiff. Our research reveals no case denying counsel fees to a prevailing plaintiff in a LAD action based upon the defendant's good faith, and we conclude that good faith is not a defense to a prevailing plaintiff's fee claim under LAD.[5] As we said in the context of a federal civil rights action:

[I]t was the intent of Congress in enacting section 1988 to require an award of attorney's fees in all but exceptional cases in order to encourage litigants to vindicate civil rights violations....

To act as an effective incentive, fee awards should be the rule rather than the exception. Denying fees where a defendant acts in good faith will defeat this aim since most defendants will be able to demonstrate at least colorable good faith.

[*Gregg v. Township Committee of Township of Hazlet*, 232 *N.J.Super.* 34, 556 *A.*2d 348 (App.Div.1989), (*quoting Teitelbaum v. Sorenson*, 648 *F.*2d 1248, 1251 (9th Cir.1981)) ].

The same principle applies to a fee application under 42 *U.S.C.A.* § 3613(c)(2). See note 4 *supra.*

---

[5] Nor is the fact that the party to be charged is a taxpayer-supported state agency. *Gregg*, 232 *N.J.Super.* at 39–40, 556 *A.*2d 348. *See e.g., Stockton v. Rhulen*, 302 *N.J.Super.* 236, 695 *A.*2d 309 (App.Div.1997).

The Authority admits that Hunter is a prevailing party; that New Jersey Protection and Advocacy, Inc.,[6] as Hunter's counsel, has the same right to fees as any attorney of record; and that the judge made insufficient findings of special circumstances. The Authority contends that the case should be remanded to determine whether special circumstances existed. We see no reason to do so.

The Authority's objections to the ramp were stated only after plaintiff sued. Those objections were relatively minor, as evidenced by their prompt resolution once the ramp was ordered. By contrast, the multiply handicapped Hunter, a twenty-year resident of his public housing apartment, plainly would have had to endure a substantial hardship in moving to a different apartment, as the Authority offered. Denial of attorneys' fees to a prevailing civil rights plaintiff is to be the exception and not the rule. *See Singer, supra; Gregg, supra.* We are satisfied as a matter of law that the circumstances cited by the Authority cannot justify the denial of attorneys' fees under the federal standard set forth in *Northcross* and *Newman,* much less under LAD. The judge did not have discretion in these circumstances to deny Hunter an attorney's fee either under LAD or the FHAA.

On remand, the trial court shall permit Hunter to submit an affidavit in support of his counsel fee request. *See R.* 4:42–9(b). The Authority shall be permitted to respond.

Reversed and remanded for the award of counsel fees to the plaintiff. We do not retain jurisdiction.

---

[6] As stated in *In re J.M.,* 292 *N.J.Super.* 225, 678 *A.*2d 751 (Ch.Div.1996):

New Jersey Protection and Advocacy, Inc. (P & A), is and entity which is federally funded under the Developmental Disabilities Assistance and Bill of Rights Act, 42 *U.S.C.A.* §§ 6041–6043, as amended, and was created after the demise of the Department of the Public Advocate, whose duties were then assumed by the Office of the Public Defender of New Jersey. *N.J.S.A.* 52:27E–65. Accordingly, P & A proceeds under federal law, but is not a part of any state agency.
[*Id.* at 229, 678 *A.*2d 751.]