**Lynne DAVIDSON; Sandra Kallander, Plaintiffs—Appellants,**

v.

**CULVER CITY, Defendant—Appellee.**

No. 04–56889.

D.C. No. CV–04–02220–GAF.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2005.

Decided Dec. 1, 2005.

Stephen F. Rohde, Rohde & Victoroff, Los Angeles, CA, for Plaintiffs–Appellants.

Deborah J. Fox, Fox & Sohagi, LLP, Los Angeles, CA, for Defendant–Appellee.

Before FRIEDMAN,* O'SCANNLAIN, and PAEZ, Circuit Judges.

### MEMORANDUM**

Lynne Davidson and Sandra Kallander appeal from the district court's grant of Culver City's motion to dismiss for failure to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). They also appeal the district court's award of attorneys' fees and denial of a motion for reconsideration. We omit the relevant facts as they are known to the parties.

### I

Res judicata, which "precludes the parties from relitigating issues that were or could have been raised in [a prior] action," *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981), can serve as the basis for the grant of a motion to dismiss.

---

* Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*See Stewart v. U.S. Bancorp,* 297 F.3d 953, 956 (9th Cir.2002). This doctrine is relevant only as to Davidson. *See Richards v. Jefferson County,* 517 U.S. 793, 798, 116 S.Ct. 1761, 135 L.Ed.2d 76 (1996).

Here, the elements of res judicata are satisfied: there is a final judgment on the merits, privity between parties, and an identity of claims. *Headwaters Inc. v. U.S. Forest Service,* 399 F.3d 1047, 1052 (9th Cir.2005) (citations omitted). The stipulated declaratory judgment of *Davidson et al. v. City of Culver City,* No. 02–2566 (C.D.Cal.2003) (*"Davidson I"*), qualifies as a final judgment on the merits. *See In re Baker,* 74 F.3d 906, 910 (9th Cir. 1996) (per curiam). The factors this Circuit employs in determining whether the action constitutes the "same claim" further indicate that res judicata applies. *In re Imperial Corp. of America,* 92 F.3d 1503, 1506 (9th Cir.1996). One need only compare the two complaints, which list many of the same signs and allege the very same constitutional bases for asserting the invalidity of the sign ordinances. Moreover, there is no material difference between the ordinances challenged in *Davidson I* and those at issue here. Finally, as to the so-called "de facto" conduct by the City, Appellants present the very same allegations regarding the selective application of government "approved" exceptions.

Thus, Davidson is precluded from asserting this claim a second time.

## II

### A

■ Kallander is left to assert the unconstitutionality of the City's sign ordinances. However, *Members of City Council of Los Angeles v. Taxpayers for Vincent,* 466 U.S. 789, 104 S.Ct. 2118, 80 L.Ed.2d 772 (1984), holds that fixtures along a public right of way are not a traditional public forum. *Id.* at 814, 104 S.Ct. 2118. In this case, neither have the fixtures along the public right of way been designated a public forum by the City. *See Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.,* 473 U.S. 788, 802, 105 S.Ct. 3439, 87 L.Ed.2d 567 (1985). Thus, the fixtures constitute a non-public forum.

■ In a non-public forum, the City may prohibit private signposting altogether. *Taxpayers for Vincent,* 466 U.S. at 808–10, 104 S.Ct. 2118. It may also distinguish between speakers and subject areas. *See Cornelius,* 473 U.S. at 806, 105 S.Ct. 3439; *DiLoreto v. Downey Unified School District,* 196 F.3d 958, 967 (9th Cir.1999). Because the City may validly apply its sign ordinances against signs posted on fixtures, Kallander is unable to state a facial challenge. *See Foti v. City of Menlo Park,* 146 F.3d 629, 635 (9th Cir.1998) (defining a facial challenge).

### B

Kallander further asserts several as-applied claims: (1) that the sign ordinances are unconstitutional as applied to public fora, e.g., streets, sidewalks, and tree lawns; (2) that the City selectively applies its sign ordinances in violation of the Equal Protection Clause; and (3) that the City implements a policy of viewpoint or content-based discrimination in violation of the First Amendment.

■ However, Kallander lacks standing to assert these claims because she cannot demonstrate an actual or imminent injury in fact. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The sign ordinances have not been enforced against her and the April 29, 2004 letter to the City is of no avail. Neither are her as-applied claims ripe for pre-enforcement review, as she cannot establish a credible threat of

prosecution. *See Thomas v. Anchorage Equal Rights Comm'n,* 220 F.3d 1134, 1138–39 (9th Cir.2000) (en banc); *San Diego County Gun Rights Committee v. Reno,* 98 F.3d 1121, 1126–29 (9th Cir.1996). There has been no specific threat of prosecution; there is no history of prosecution; the issues are not purely legal, and require significant factual development; and we see no potential for hardship to Kallander if standing is denied here. *See San Diego County,* 98 F.3d at 1127–29, 1132–33. Thus, Kallander lacks standing to bring this lawsuit.

## III

■ Next we consider the award of attorneys' fees against Davidson. Pursuant to 42 U.S.C. § 1988, a district court may award attorneys' fees to a prevailing defendant in a civil rights case if the plaintiff's claims are "unreasonable, frivolous, meritless, or vexatious." *Margolis v. Ryan,* 140 F.3d 850, 854 (9th Cir.1998) (citing *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)).

The district court considered Davidson's claims frivolous because the result should have been obvious from the inception of this litigation. *Cf. Vernon v. City of Los Angeles,* 27 F.3d 1385, 1402 (9th Cir.1994). Given the applicability of res judicata, we cannot say that the district court abused its discretion in reaching this conclusion. *Margolis,* 140 F.3d at 854. Davidson's purported good faith is not enough to escape an award of attorneys' fees. *Teitelbaum v. Sorenson,* 648 F.2d 1248, 1250 (9th Cir.1981).

## IV

■ Lastly, we consider whether the district court abused its discretion in denying Appellants' motion for reconsideration. The district court denied the motion on the ground that the evidence was not actually new or newly discovered. This was not an abuse of discretion. Appellants are unable to show that the evidence was discovered after the judgment and that the evidence could not have been discovered earlier through due diligence. *Dixon v. Wallowa County,* 336 F.3d 1013, 1022 (9th Cir.2003); *see also* C.D. CAL. RULE 7–18. Further, Appellants cannot show that the evidence was "of such a magnitude that had the court known of it earlier, the outcome would likely have been different." *Dixon,* 336 F.3d at 1022; *see also* C.D. CAL. RULE 7–18. Each item of "new" evidence is either irrelevant or cumulative. As such, the district court did not abuse its discretion in denying the motion for reconsideration.

**AFFIRMED.**