200 N.J. Super. 431 (1984)
491 A.2d 789
COUNCIL ENTERPRISES, INC., A NEW JERSEY CORPORATION, PLAINTIFF,
v.
THE CITY OF ATLANTIC CITY, A POLITICAL SUBDIVISION OF THE STATE OF NEW JERSEY, AND ADELAIDE DEANE, DEFENDANTS.
Superior Court of New Jersey, Law Division Atlantic County.
Decided November 13, 1984.
*437 Robert E. Levy for plaintiff (Levy & Robertson, attorneys).
Matthew H. Powals, for defendants.

OPINION
GRUCCIO, A.J.S.C.
The controversy in the above entitled matter comes before this court as a result of a motion by plaintiff Council Enterprises, Inc. for an order awarding counsel fees to plaintiff pursuant to the Civil Rights Attorney's Fee Awards Act of 1976, 42 U.S.C. § 1988 and § 706(k) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-5(k).
42 U.S.C. § 1988 provides in pertinent part:
If any action or proceeding, to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title, Title IX of Public Law 92-318, ... The court, in its *438 discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.
42 U.S.C. § 2000e-5(k) reads:
In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the (EEOC) or the United States, a reasonable attorney's fee as part of the costs, and the (EEOC) and the United States shall be liable for costs the same as a private person.
The original complaint in this action was filed on June 20, 1984. The counts alleged the invalidity and unconstitutionality of Ordinance No. 10 of the City of Atlantic City.
Plaintiff leased property located at 1000 Atlantic Avenue, Atlantic City. He renovated the building and planned to open an adult book store on the premises. Ordinance No. 10 of the City of Atlantic City was adopted on February 28, 1984. The ordinance, by its terms prohibited the establishment of an adult book store at the location where plaintiff had planned to open such a store. The ordinance was alleged to violate the First, Fifth and Fourteenth Amendments to the United States Constitution, and Article I, § 6 of the New Jersey Constitution. The counts alleged substantive violations and included a request for a declaratory judgment. The cause of action was also brought pursuant to 42 U.S.C. § 1983, et seq. commonly known as the Federal Civil Rights Act and included a request for attorney's fees pursuant to the Civil Rights Attorney's Fees Awards Act.
From the period of August 1983 until February 28, 1984 plaintiff or its attorney had numerous discussions with the city as to the approval necessary for the opening of an adult book store at the corner of Atlantic and Virginia Avenues. After passage of Ordinance No. 10 the city, acting on the assumption of the ordinance's constitutionality, informed plaintiff that it could not open its adult book store at the planned location. While there was general communication between the parties as to the validity of Ordinance No. 10, no amicable resolution was reached. By order of this court on August 8, 1984, Ordinance No. 10 of the City of Atlantic City was declared to be invalid in *439 that it constituted a violation of the First and Fourteenth Amendments to the United States Constitution.
The theory underpinning recovery by prevailing civil rights plaintiffs is that they act as private attorneys general in enforcing public law norms and when addressing discrimination "vindicate a policy that Congress considered of the highest priority." Newman v. Piggy Park Enterprises, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968). In determining the amount of the fee to be awarded under the act, a court should begin with the fact that the basic purpose of the act is to promote private enforcement of the civil rights statutes by enabling litigants to obtain competent counsel to pursue their claims. Congress recognized that civil rights litigation is a specialized and complex field. For this reason the amount of the fees awarded in a civil rights case should be governed by "the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases." Sargeant v. Sharp, 579 F.2d 645, 648 (1st Cir.1978).
Section 1988 states that the court may award fees "in its discretion." However, this discretionary power does not mean that the court is permitted to deny fees for any reason, or that its reasons, if erroneous, are not reviewable. Indeed, under the statute, fees are to be awarded in the ordinary case to a prevailing plaintiff unless there is a special reason not to award fees.
The language of the 1976 act was not new. It was the precise language which had been used to authorize attorney fee awards in a number of specific civil rights actions since 1964. Congress' specific intent in selecting this particular language was to incorporate the standards which had been developing in the courts under these statutory authorizations. For example, in Newman, supra, the Court recognized the important purpose of vindicating congressional policy by bringing civil rights suits and declared that a successful plaintiff "should ordinarily recover an attorney's fee unless special circumstances would *440 render such an award unjust." Id. 390 U.S. at 402, 88 S.Ct. at 966.
The threshold question in awarding attorney's fees under § 1988 is whether or not plaintiff may be considered the "prevailing" party. A plaintiff is considered a "prevailing" party if plaintiff succeeds on any significant issue in litigation which achieves some of the benefit the party sought in bringing the suit. Marybeth G. v. Chicago, 723 F.2d 1263, 1278 (7th Cir.1983). To determine whether plaintiff has succeeded on significant issues, a two tier analysis is applied. See Illinois Welfare Rights Organization v. Miller, 723 F.2d 564, 566 (7th Cir.1983). The first part of the test is that plaintiff's lawsuit must be causally linked to the achievement of the relief obtained and second, plaintiff must not have acted wholly gratuitously. That is, plaintiff's claim cannot have been either frivolous, unreasonable or groundless. It is clear that plaintiff is a prevailing party for purposes of § 1988 of the Civil Rights Act. Since the invalidity of Ordinance No. 10 vindicated plaintiff's constitutional rights, the action clearly was not frivolous or unreasonable.
Having determined plaintiff's status as a prevailing party, the second step in the analysis is to determine what is a reasonable fee for the services performed by the attorney. The critical question under this part of the analysis is "determining the extent of plaintiff's success in relationship to the relief sought." Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 1943, 76 L.Ed.2d 40 (1983). This question can be broken into several stages. The first step is to assess the result obtained and to determine whether any of the relief won by plaintiff is due to events which are independent of the plaintiff's lawsuit. The declaration of invalidity of Ordinance No. 10 was entirely due to plaintiff's effort. No independent factors aided in bringing about the relief sought by Council Enterprises, Inc.
The second step in determining the reasonableness of the fee is then to compare the results obtained with the relief *441 sought. Generally, if the results obtained are excellent, plaintiff's attorney should recover a fully compensable fee which will normally encompass all hours reasonably expended on the litigation. On the other hand, if the result obtained is a partial success, the court may adjust the award either by identifying specific hours that should be eliminated or by simply reducing the overall award to reflect the limited success of plaintiff. Illinois Welfare Rights Organization, supra, at 567. Plaintiff sought and obtained a vindication of constitutional rights. The result is excellent. Plaintiff is entitled to an attorney's fee pursuant to 42 U.S.C. 1988 in an amount which fully compensates plaintiff for all hours reasonably expended. See Id.
While the precise amount of the fee award should be determined on the facts of each case, Illinois Welfare Rights Organization, supra, at 567, the appropriate standards for determining the amount are set forth in Johnson v. Georgia Highway Express Inc., 488 F.2d 714 (5th Cir.1974). The cases applying these standards have resulted in fee awards which are adequate to attract competent counsel. See Stanford Daily v. Zurcher, 64 F.R.D. 680 (N.D.Cal. 1974). In computing a few award, counsel for the prevailing party should be paid the same as attorneys compensated by a fee paying client would be for all time reasonably expended on a matter. See Stanford Daily, supra, at 684.
Johnson, supra, sets out 12 criteria to be used in reaching the amount of a reasonable attorney's fee. The factors are:
1. Time and labor required;
2. Novelty and difficulty of the question presented;
3. Skill required to perform the legal services properly;
4. Preclusion of other employment;
5. Customary fee in the community for similar work;
6. Whether the fee is fixed or contingent;
7. Time limitations imposed by the client or other circumstances;
8. The amount involved and result obtained;
9. Experience, reputation and ability of attorneys;

*442 10. The undesireability of the case;
11. The nature and length of the professional relationship with client;
12. Awards in similar cases.
[Id. at 717-719.[1]]
In applying the test to the present case, little doubt remains as to the fact that plaintiff is entitled to full compensation for time spent in the pursuit of plaintiff's claim against Atlantic City.
Plaintiff's attorney expended approximately 38 hours in attempting to obtain the required permits to open plaintiff's bookstore. He first attempted to avoid litigation over Ordinance No. 10, when that failed he litigated the invalidity of Ordinance No. 10. Time spent in securing permits for the book store should be compensable by plaintiff because the city's unreasonable delays in granting permits prevented plaintiffs from obtaining these permits until after the adoption of Ordinance No. 10. "Through deliberate omission the municipality has exercised its extraordinary powers of prior restraint to foreclose timely expression by failing to review promptly plaintiff's request for licenses." Trombetta v. Atlantic City, 181 N.J.Super, 203 (Law Div. 1981) aff'd 187 N.J. Super. 351 (App. Div. 1982). The lengthy delay caused the representation of plaintiff on the permit matters to be inextricably intertwined with representation of plaintiff on the matter involving the validity of Ordinance No. 10. The entire course of plaintiff's representation involves a common core of facts. Such matters cannot be divided by the hour on a claim by claim basis. The situation in the present matter cannot be viewed as a series of discrete claims. Hensley, supra, 103 S.Ct. at 1940.
*443 Necessary attorney travel time has also been held to be compensable at full or occasionally reduced rates. Chrapliwy v. Uniroyal, Inc., 509 F. Supp. 442, 455 (N.D.Ind. 1981) (full rate); McPherson v. School Dist. No. 186, 465 F. Supp. 749 (S.D.Ill. 1978) (two-thirds). Time spent going to and from court is recoverable. Anderson v. Redman, 474 F. Supp. 511, 524 (D.Del. 1979).
Although some courts may distinguish between hours spent in court and out of court, these distinctions are not required. Compare Miller v. Carson, 563 F.2d 741, 756 (5th Cir.1977) (in court and out of court hours distinguished) with Bonner v. Coughlin, 657 F.2d 931 (7th Cir.1981) (no abuse of discretion for district court to compensate at uniform rate for all hours).
Attorney's fees may also be recovered for such items as meals, lodging, messenger fees, long distance telephone calls, photocopying, depositions and copies, trial transcripts, and other out of pocket expenses that are of the type that an attorney would normally bill a fee paying client. See, e.g., Swift v. Blum, 502 F. Supp. 1140, 1148 (S.D.N.Y. 1980); Population Services Int'l v. Carey, 476 F. Supp. 4, 8 (S.D.N.Y. 1979); Barth v. Bayou Candy Co., 379 F. Supp. 1201, 1205 (E.D.La. 1974).
Plaintiff was thwarted at every turn in the city's bold attempt to evoke the extra-legal doctrine of avoid, delay, linger and wait. Therefore, plaintiff should be compensated for the 38 hours of work, which are carefully documented and detailed in plaintiff's attorney's certification in support of this motion to award attorney fees.
Recovery may also be had for time reasonably spent in preparing the attorney's fees motion, memorandum and in litigating the propriety and quantum of fees. Johnson v. Mississippi, 606 F.2d 635, 638 (5th Cir.1979); Prandini v. National Tea Co., 585 F.2d 47, 53 (3d Cir.1978); Bond v. Stanton, 630 F.2d 1231, 1235 (7th Cir.1980).
*444 Plaintiff has also carefully documented the time spent in preparing this application for attorney's fees. The court finds that in these circumstances the amount of time is reasonable and plaintiff should therefore be entitled to full compensation for the 12 hours spent in recovering attorney's fees.
In order to determine the amount of fee, the starting point is to multiply the number of hours actually spent by a reasonable rate. Muscare v. Quinn, 614 F.2d 577, 579 (7th Cir.1980). The reasonableness of the rate is measured by reviewing the normal rate in the legal community for substantially similar work performed by competent practioners. See Muscare, supra, at 579-80. The rate may then be adjusted by several factors. Those factors are substantially the same as the factors set out in Johnson, supra, and therefore discussion of those factors not previously discussed is appropriate at this juncture.
The law firm hired by plaintiff was precluded, during the pendency of the litigation, from accepting other cases to cover the same time period allocated to this plaintiff. The fee that the attorney was to receive was not contingent upon results nor upon the ultimate success of the lawsuit. These factors both suggest that a reasonable amount of fee award is necessary to compensate plaintiff for work done in expectation of such payment.
While the issue presented in this case was not particularly novel in that municipalities frequently attempt to illegally and unconstitutionally censor "adult type" materials, the litigation involved a somewhat unusual, i.e., non-standard ordinance and some relatively difficult legal concepts dealing with attempts to reconcile the First Amendment guarantees with police power regulation.
Plaintiff's attorney was hired by plaintiff specifically because he has had extensive experience in litigating First Amendment cases. Few law firms in this state have done as much First Amendment litigation as plaintiff's counsel. Counsel's credentials *445 are impeccable. He has practiced law for over 35 years and is a member of the bar in good standing in three states, the Federal District Courts for the Southern District of New York, the Eastern District of New York, the District of New Jersey, the Eastern District of Pennsylvania, the Middle District of Pennsylvania, the Federal Court of Appeals of the Third Circuit and the United States Supreme Court. He is also a member of several bar associations including a charter membership in the First Amendment Lawyers Association. Since 1970, counsel has been either directly or indirectly involved in at least 25 First Amendment matters per year. In 1981 he appeared before the Supreme Court of the United States in Schad v. Borough of Mount Ephraim, 452 U.S. 61, 101 S.Ct. 2176, 68 L.Ed.2d 671 (1981), which has become a landmark decision in First Amendment litigation. In that case, the ordinances of the Borough of Mount Ephraim were deemed to be prior restraints and declared invalid thus determining that nude dancing was entitled to First Amendment protection. Id. 101 S.Ct. at 2176. Counsel is generally recognized as an "expert" in First Amendment law and particularly in "obscenity" litigation. It is clear that the skill, experience, reputation and ability that counsel possesses and brought to bear in obtaining the result sought by plaintiff cannot be questioned.
Plaintiff's law firm has represented plaintiff for many years in matters other than the present lawsuit and other than regarding First Amendment issues. This relationship caused plaintiff to call upon the firm to represent Council Enterprises during the planning stages for the adult bookstore. Plaintiff sought the aid of counsel in August 1983 in order to quickly institute all necessary procedures to open its business as soon as possible. Counsel sought the necessary licenses and permits shortly after the initial conference with plaintiff. The protracted licensing procedure and the litigation which followed it all served to frustrate plaintiff's desire to open his business in a *446 reasonable time. Plaintiff should be entitled to reasonable fees because of both the existence of a long standing relationship between plaintiff and counsel and because plaintiff's desire to open the business in a reasonably short time was frustrated by defendant's actions.
Another factor to be considered in awarding attorney's fees is the undesireability of the case. See Johnson, supra, 606 F.2d at 719. Undoubtedly in the present matter a plaintiff wishing to open an adult bookstore cannot be a particularly popular client or cause and, to the contrary, many attorneys would consider the case distasteful and refrain from representing plaintiff. Accordingly, the undesireability of the case also indicates that plaintiff should be awarded a reasonable attorney's fee. Last, the court should consider awards of fees in similar cases and the customary fee in the community. Johnson, supra, 606 F.2d at 718-19.
Plaintiff asks the court to award attorney's fees in the amount of $10,000, representing 50 hours work at a rate of $200 per hour. While plaintiff's attorney describes in his certification to the court numerous § 1983 cases where he has been awarded fees similar to that requested, no documentation of hours spent on each case was submitted to the court and, therefore, it is not possible to determine whether the fee awarded in past cases involving plaintiff's law firm represented a similar hourly rate to that asked for by plaintiff before this court. However, more generally, the $10,000 attorney's fee request by plaintiff is not out of keeping with fee awards in other civil rights cases. See, e.g., Bowman v. Pulaski County Special School District, 723 F.2d 640 (8th Cir.1983).
Last, defendant City of Atlantic City contests plaintiff's request for an hourly rate of $200. Plaintiff's request is based on the customary fee charged by plaintiff's attorney and more *447 specifically, the price agreed to between plaintiff and its attorney.
On the other hand, defendant asserts that when the city hires outside "special counsel" its customary practice is to pay an average hourly rate of $75 per hour. The $75 per hour fee does not reflect the true picture in the city's procurement of outside counsel. Independent counsel outside of the city solicitor's office are engaged in several areas of work including litigation defense, worker's compensation, tax and foreclosures. Each outside counsel is responsible for all of the work in a particular field over an extended period of time. Payment to all outside legal experts is included in the city's annual budget. The court will take judicial notice of Atlantic City's annual legal budget for outside counsel, which is approximately $700,000. Therefore, the analogy between hiring outside counsel and the amount requested by plaintiff is at best unpersuasive and is at worst inapplicable. The court, however, need not be bound to choose either of these figures as the court may arrive at a sum which is customary to the community based on many factors including the court's own knowledge of practices in this community. Based on all the information provided by the parties and the court's own experience, the court concludes that $200 per hour is a reasonable rate for a highly qualified and skilled, longtime member of the bar with special expertise in a field such as civil rights where such a high degree of complexity is involved.
Plaintiff has fully documented and recorded all hours reasonably spent on the successful litigation which declared Ordinance No. 10 invalid and has shown the existence of all those factors establishing the plaintiff's right to full compensation for such services rendered. It is hereby ordered that defendant City of Atlantic City pay plaintiff $10,000 in attorney's fees representing 50 hours work at the hourly rate of $200.
Plaintiff's counsel shall submit an appropriate order pursuant to the five day rule.
NOTES
[1] These twelve factors were originally set out in Disciplinary Rule 2-106 of the Code of Professional Responsibility, as adopted by the American Bar Association. See Muscare v. Quinn, 614 F.2d 577, 579 (7th Cir.1980). The New Jersey Rules of Professional Conduct currently contain a like provision. See, Pressler, Current N.J. Court Rules, RPC 1.5(a)(1985). (The Rules of Professional Conduct became effective in New Jersey on September 10, 1984.)