291 N.J. Super. 144 (1996)
676 A.2d 1166
H.I.P. (HEIGHTENED INDEPENDENCE AND PROGRESS, INC.), A NEW JERSEY NONPROFIT CORPORATION, PLAINTIFF,
v.
K. HOVNANIAN AT MAHWAH VI, INC., A NEW JERSEY CORPORATION, AND THE CONSTRUCTION OFFICIAL OF THE TOWNSHIP OF MAHWAH, DEFENDANTS.
Superior Court of New Jersey, Law Division Bergen County.
Decided January 26, 1996.
*152 David J. Popiel, for plaintiff (Community Health Law Project, attorneys).
*153 Barry D. Goodman, for defendant K. Hovnanian at Mahwah VI, Inc., a New Jersey Corporation (Greenbaum, Rowe, Smith, Ravin & Davis, attorneys).
Brian T. Campion, for defendant Construction Official of the Township of Mahwah (Herten, Burstein, Sheridan & Cevasco, attorneys).
KOLE, J.A.D., Retired and Temporarily Assigned on Recall.

PROCEDURAL AND FACTUAL HISTORY:
Plaintiff, Heightened Independence and Progress, a New Jersey Nonprofit Corporation (HIP), moved for attorney fees under three statutes that provide for fees for a prevailing party. These are: (1) the Fair Housing Act, 42 U.S.C. § 3613(c)(2) (FHA); (2) the Americans with Disabilities Act, 42 U.S.C.A. § 12205 (ADA); and (3) the New Jersey Law Against Discrimination, N.J.S.A. 10:5-27.1 (LAD). HIP argued that defendant, the construction official of the Township of Mahwah (Official), should be liable for fees under the ADA. HIP further asserted that co-defendant Hovnanian at Mahwah VI, Inc. (Hovnanian), should pay under the appropriate provisions of the FHA and LAD. Plaintiff sought enhancement of their fees from both defendants only under the LAD. Hovnanian cross-moved for fees, claiming HIP's original suit was frivolous.
These motions arose from a suit instituted by HIP against Hovnanian and the Official. The controversy centered around the construction of seventy-eight units in a residential condominium complex called Franklin Crossing, located on Foxwood Road in Mahwah. As the developer, Hovnanian obtained the permits for the project from the Official.
HIP asserted prior to construction that the units failed to comply with federal and state architectural barrier laws. However, HIP did not file a complaint in this matter until months later when construction was well underway and only twelve units remained to be built. The parties discussed settlement before and after the complaint date, but did not settle until shortly after the *154 return date of HIP's motion for a temporary restraining order. The court entered a consent judgment which required Hovnanian to build the remaining twelve units in a form accessible to persons with handicaps.

HIP'S MOTION:
Common to the three statutes under which HIP moves for fees is that only a "prevailing party" may recover. Of central importance then, is the definition of this term in light of the facts at issue. Of note here is that the three statutes are to be interpreted as having the same definition of "prevailing party." See City of Burlington v. Dague, 505 U.S. 557, 561, 112 S.Ct. 2638, 2641, 120 L.Ed.2d 449 (1992); Hensley v. Eckerhart, 461 U.S. 424, 433, n. 7, 103 S.Ct. 1933, 1939, n. 7, 76 L.Ed.2d 40 (1983); Singer v. State, 95 N.J. 487, 495-496, 472 A.2d 138 (1984); Rendine v. Pantzer, 276 N.J. Super. 398, 458, 648 A.2d 223 (App.Div. 1994), aff'd as modified 141 N.J. 292, 661 A.2d 1202 (1995); Robb v. Ridgewood Board of Education 269 N.J. Super. 394, 400, 635 A.2d 586 (Ch.Div. 1993) (relying on Texas State Teachers v. Garland Indep. School District, 489 U.S. 782, 791, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989), which addressed "prevailing party" with respect to 42 U.S.C.A. § 1983).
Fundamentally, a prevailing party is one who achieves a substantial portion of the relief it sought. Here, HIP achieved via settlement and consent order qualitatively and as a matter of principle, a large portion of what it hoped for by way of judgment. As such, it is a prevailing party and merits attorney fees.
The first inquiry in determining prevailing party status is whether the judgment provided the movant with a sufficient degree of success on the merits of its claim. In order to be considered a prevailing party, a "plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought or comparable relief through consent decree or settlement. Whatever relief the plaintiff secures must directly benefit him at the *155 time of judgment or settlement." Farrar v. Hobby, 506 U.S. 103, 111, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992) (citations omitted).
In the present case Hovnanian built twelve units of its development to be accessible to people with disabilities. But for the consent decree Hovnanian, and the Official, would not have acted. This certainly is the sort of "enforceable judgment" which "directly benefit[s]" plaintiff under Farrar. It is of no moment that the changes, when actually implemented by Hovnanian, were minor. Plaintiff represented the interests of the physically challenged to whom issues such as the wheelchair-turning radius in a bathroom, and whether doors swing into or out of a room, are very important. These, among others, were the relief sought and obtained. Thus, plaintiff should be a prevailing party under statute.
Further, because of the consent judgment, the Official did what it otherwise would not have done: it agreed to approve the plans as amended. It is true the Official's job was to review building plans to determine their conformance with the law, and, in essence, he performed a similar function because of the consent judgment. However, the reason HIP is a prevailing party with regard to the Official, is the consent judgment bound the Official, among other things, to "grant a formal variation consistent with the terms of this Judgment." Stipulated Settlement and Consent Judgment, at 5 (emphasis supplied). But for the consent judgment the Official would have had discretion in granting the variance for the changed plans. Thus, HIP is a prevailing party with respect to the Official.
Defendants also assert that the settlement applied only to twelve of the seventy-eight units and therefore, again, the relief was insignificant enough to remove HIP from the statutory embodiment of a prevailing party. This argument is without merit. At the date of filing the complaint, only twelve units reasonably could have been affected by any judgment. This is so because the remaining units had been constructed and or sold by the time of settlement. Once sold to innocent purchasers for value, the units were beyond the court's power to remedy. See 42 U.S.C.A. *156 § 3613(d). Further, as plaintiff's certifications indicate, construction had progressed to a point where only the twelve units feasibly could have been modified. Thus, the prospective relief obtained affected the maximum amount of units possible. Accordingly, plaintiff received a substantial portion of the remedy it intended in a qualitative  but not quantitative  sense. The essential principle it endeavored to enforce was recognized. This is sufficient under the facts here to warrant a finding that it is prevailing party.
Defendants counter the above finding with assertions of "special circumstances" which cause the award of attorney fees to be unjust. See Newman v. Piggie Park Enterprises Inc., 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968). Defendants argue the judgment resulted from a "nuisance settlement," see Texas Teachers v. Garland School District, 489 U.S. 782, 792, 109 S.Ct. 1486, 1493-1494, 103 L.Ed.2d 866 (1989). They also contend HIP purposely waited to file its complaint until Hovnanian had constructed most of the units, causing the threat of an injunction to force it to settle quickly. These argument are without substance.
The fact the consent decree did not result from a nuisance settlement can be seen in the substantial relief plaintiff obtained from the standpoint of those the statutes were intended to benefit. Hovnanian and the Official agreed to settle by having the remaining units built by Hovnanian and approved by the Official in conformance with HIP's interpretation of accessibility laws. Further, any delay in filing by HIP enured to the benefit of defendants, who, as time passed, were assured that fewer units would be subject to the prospective relief sought. Thus the judgment at issue was not accomplished through a "nuisance settlement." Hence, no "special circumstances" exist.
Hovnanian alleges HIP purposely avoided settlement conferences with its attorneys until after filing the complaint in a surreptitious effort to become entitled to fees under statute. See Naprstek v. Norwich, 433 F. Supp. 1369, 1371 (N.D.N.Y. 1977) *157 (court indicates the refusal to meet to settle can be a "special circumstance" negating entitlement to a shifted fee). However, this court finds this assertion is baseless. In his certification, plaintiff's counsel David Popiel included several letters he sent to defendant's former counsel apprizing it of the claimed violations. The original correspondence was dated May 17, 1994, and the last, July 5, 1994. The letters stated HIP intended to take the matter on as a case in August, 1994, and not sooner because the attorneys' workload mandated such delay. The parties then met on September 28, 1994, but could not agree to a settlement. HIP then filed suit on October 5, 1994. Hovnanian's current counsel will not be heard to say HIP did not meet with Hovnanian's attorneys when HIP clearly notified Hovnanian of the grievance, and later met its in-house legal staff. This argument therefore, is unpersuasive.
However, the inquiry into prevailing party status does not end here. The final step is to ascertain whether the relief obtained was causally connected to that sought. Ashley v. Atlantic Richfield Co., 794 F.2d 128, 131 (3rd Cir.1986). This issue too yields a result favoring HIP, since plaintiff obtained the relief for which it strived, namely, accessibility. Thus the causal connection is clearly established.
Having determined HIP is a statutory prevailing party, the issue remaining before the court is the amount due from defendants.
The court in Robb v. Ridgewood, 269 N.J. Super. 394, 635 A.2d 586 (Ch.Div. 1993), considered, in detail, the appropriate method for calculating an award of attorney fees. "[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. at 404, 635 A.2d 586 (citations omitted). In computing this "lodestar" amount, the most important inquiry is into the reasonableness of the time expended. Rendine v. Pantzer, 141 N.J. 292, 334-335, 661 A.2d 1202 (1995). "Courts reviewing fee allowances should assess what *158 legal services reasonably competent counsel would consider as required to vindicate the protected legal or constitutional rights. Neither the tortoise nor the hare should be the model for compensation." Szczepanski v. Newcomb Medical Center, 141 N.J. 346, 366, 661 A.2d 1232 (1995); see also Blum v. Stenson, 465 U.S. 886, 894, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984) (nonprofit legal service organization is entitled to a reasonable attorney fee); Blanchard v. Bergeron, 489 U.S. 87, 94-95, 109 S.Ct. 939, 945, 103 L.Ed.2d 67 (1989); Miller v. Apartments and Homes of N.J., Inc., 646 F.2d 101, 112 (1981). Once the lodestar figure is determined, the court has discretion to adjust it upward or downward. Robb, supra, 269 N.J. Super. at 404, 635 A.2d 586. One reason to reduce the fee is "if the level of success achieved in the litigation is limited compared to the relief sought." Rendine, supra, 141 N.J. at 336, 661 A.2d 1202; Robb, supra, 269 N.J. Super. at 404-405, 635 A.2d 586.
In this case, HIP's attorneys, the Community Health Law Project (Project), claim fees and costs totalling $37,405.49. The Project arrived at this figure by multiplying hours spent on preparation for the underlying case and then in this fee application by a rate of $225 per attorney-hour. The Project added to these totals their costs. The computation ran as listed:

 -charge for the underlying settlement:
 1. 82.6 hours at $225.00 per hour = $18,585.00.
 2. costs = $3,143.59.
 TOTAL = $21,728.59.
 -charge for the fee petition:
 3. 67.9 hours at $225.00 per hour = $15,277.50.
 4. costs = $399.40.
 __________
 TOTAL = $15,676.90.
 -TOTAL AMOUNT CLAIMED:
 $21,728.59.
 $15,676.90.
 __________
 TOTAL = $37,405.49.
 ==========

*159 For reasons to follow these charges will be reduced. But first, this court will discuss the Project and its function. Next, the court will examine the amount claimed in connection with the prosecution of the case in chief, then, the charges for the fee petition, and finally, the claimed fees and expenses for travel time and charges for costs.
The Project is a private, nonprofit public interest law firm that represents people with disabilities. As such, its attorneys are paid salaries by the firm, which in turn, is funded from private foundations, fund raising events, contracts with state and county agencies, and to a "very small" degree, fee shifting statutes like the ones under consideration. Its clients are persons and organizations of people with disabilities who cannot otherwise afford professional representation. HIP, the client here, is one such organization who is represented by the Project without charge. Because of these facts, Project attorneys, in their motion for fees, are left to analogizing to private attorneys in computing, among other things, an appropriate hourly rate for the lodestar amount. This court must scrutinize the Project's time sheets and experience to determine an award which is just to all parties.

1. The Settlement.

The court's task is to evaluate the time spent and rates charged to determine a reasonable amount. Rendine, supra, 141 N.J. at 322, 661 A.2d 1202. This the court will do by considering the complexity of the case, the experience of the attorneys, and the fair level of pay.
The two attorneys from the Project who worked on this case are David J. Popiel, Esquire, and David Lazarus, Esquire, the latter providing assistance to the former. These attorneys have invested a substantial amount of time practicing law, sharing over forty years between them. However, as attorneys for the Project, neither charges hourly fees. Thus, the problem surfaces *160 as to an appropriate rate. The Project has submitted certifications to aid the court in this endeavor, but those documents offer little aid since they indicate attorneys of like experience and specialty are paid anywhere from $190 to $300 per hour. Mindful of these estimates, and the complexity of the issues presented by a suit of this kind, the court determines $200 per hour is a reasonable fee for the two attorneys for work done on the substantive aspects of this case. Robb, supra, 269 N.J. Super. at 408, 635 A.2d 586; Singer, supra, 95 N.J. at 500-501, 472 A.2d 138; Council Enterprises, Inc. v. Atlantic City, 200 N.J. Super. 431, 447, 491 A.2d 789 (Law Div. 1984).
Furthermore, this court reduces the hours claimed to a more reasonable figure. The court finds the proper number to be sixty-five hours. Rendine, supra, 141 N.J. at 336, 661 A.2d 1202; Szczepanski, supra, 141 N.J. at 366-367, 661 A.2d 1232; Robb, supra, 269 N.J. Super. at 402-405, 635 A.2d 586. The hours spent may have been due to the novelty of the issues generally, but the court finds the hours expended were more than reasonably required to research the matter, file the complaint, move for a temporary restraining order and settle the case. Robb, supra, 269 N.J. Super. at 404-405, 635 A.2d 586; Council Enterprises, Inc., supra, 200 N.J. Super. at 441-442, 491 A.2d 789. Research may have been time consuming here because of the novelty to these attorneys of the precise issues in the case. But the fee shifting statutes do not contemplate the losing party has to pay for the learning experience of attorneys for the prevailing party. See Council Enterprises, Inc. supra, 200 N.J. Super. at 441-442, 491 A.2d 789. Thus, the total fee owed the Project for work done on the substantive aspect of the case is $13,000.00 (65 hours x $200.00 = $13,000.00).
The last issue with regard to this analysis is whether the fee should be reduced in light of the relief obtained as compared to the relief sought. Rendine, supra, 141 N.J. at 336, 661 A.2d 1202; Robb, supra, 269 N.J. Super. at 404, 635 A.2d 586. A reduction in this respect is appropriate in this case, where plaintiff's *161 efforts affected only twelve of the seventy-eight units its complaint originally contemplated. As said by our Supreme Court,
"If ... a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith."
[Rendine, supra, 141 N.J. at 292, 661 A.2d 1202 (quoting Hensley v. Eckerhart, 461 U.S. 424, 436, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983).]
Therefore, this court will award the Project two-thirds of its fees for the substantive case, bringing the total to $8,580.00 ($13,000.00 x .66 = 8,580.00).
However, the Project contends, and this court finds reasonable, that the time consumed on the underlying case must be allocated among the defendants based on blameworthiness and time devoted to each. Vargas v. Calabrese, 750 F. Supp. 677, 689-691 (D.N.J. 1990), aff'd, 949 F.2d 665, 677 (3d Cir.1991). The Project expended 0.327 of its hours on matters related to its negotiations with Hovnanian alone, and the remaining percentage on work toward preparing the case as a whole. Therefore, this court divides the fees due from defendants, $2,805.66 to Hovnanian (0.327 x $8,580.00 = 2,805.66), and $5,774.34 jointly and severally between Hovnanian and the Official (0.673 x 8,580.00 = $5,774.34).

2. Fee Enhancement

HIP claims it is owed fee enhancement under the LAD. Our Supreme Court has held "that the trial court, after having carefully established the amount of the lodestar fee, should consider whether to increase that fee to reflect the risk of nonpayment in all cases in which the attorney's compensation entirely or substantially is contingent on a successful outcome." Rendine, supra, 141 N.J. at 337, 661 A.2d 1202. This court, mindful of the Supreme Court's directive, declines to enhance HIP's award more than five percent, since, although the Project is technically entitled to a fee enhancement, it is only marginally so. Ibid.
*162 The lodestar amount is designed to insure an attorney for a prevailing party is paid a reasonable fee. Id. at 322, 661 A.2d 1202. However, it alone does not include a factor to reflect the financial risk the prevailing attorney faced when it originally took on the case. The contingency enhancement then, quantifies that risk, and increases the amount awarded. Thus, "`a court's job simply will be to determine whether a case was taken on a contingent basis, whether the attorney was able to mitigate the risk of nonpayment in any way, and whether other economic risks were aggravated by the contingency of payment'...." Rendine v. Pantzer, 141 N.J. 292, 339, 661 A.2d 1202 (1995) (citation omitted).
In the present case, a strict reading of Rendine results in a contingency enhancement for the Project. As stated in the certification submitted, the Project took this case on with no hope of reimbursement from HIP for hours expended or costs absent a statutory fee award.
However, the court will use the discretion afforded a trial court under Rendine to award an enhancement to reflect the risk of nonpayment. The number assigned to quantify that risk is five percent, a number which ensures the Project is awarded a reasonable amount for its work on the substantive portion of this case. There is no basis for an enhancement of the award for the time spent on the fee application or for the costs in this case, even if permitted by law. See Rendine v. Pantzer, 276 N.J. Super. 398, 463, 648 A.2d 223 (App.Div. 1994) (no abuse of discretion in trial court's declining to enhance fee for post judgment work, since risk of loss substantially was reduced at the time of the post-judgment stage of the litigation), aff'd as modified, 141 N.J. 292, 661 A.2d 1202 (1995); Bung's Bar & Grille, Inc. v. Florence Township, 206 N.J. Super. 432, 475-476, 502 A.2d 1198 (Law Div. 1985).
It is true Rendine also directed "that contingency enhancements in fee shifting cases ordinarily should range between five and fifty percent of the lodestar fee, with the enhancement in typical contingency cases ranging between twenty and thirty-five percent of the lodestar." Rendine, supra, 141 N.J. at 343, 661 *163 A.2d 1202. However, the Court also demanded trial courts scrutinize whether plaintiff's counsel was able to minimize the risk faced when it took on the case, Id. at 339, 661 A.2d 1202, while always mindful that, "the primary rationale for contingency enhancements ... is to assure that counsel for the prevailing party is paid a reasonable fee by the nonprevailing party." Id. at 341, 661 A.2d 1202.
The Project here took substantial steps to minimize its exposure to risk. Thus, this is not an "typical" case for enhancement purposes. This is so because the Project is a private, non-profit public interest firm. It is fueled by donations and grants and the like, with a "very small" portion of its funding springing from statutory fee awards. Its attorneys are paid by salary. It required no motivation to represent the public interest because that is its sole function. Thus, the Project mitigated the contingency of nonpayment, Id. at 339, 661 A.2d 1202, and it is due a fee enhancement of five percent under the LAD. That figure is $429.00 (.05 x $8,580.00 = $429.00); to be paid jointly and severally by defendants since the risk cannot be allocated between them.

3. The Fee Application.

"When an award of attorneys' fees is statutorily authorized ... the reasonable expenses of preparing the fee application should be included in the award." Robb, supra, 269 N.J. Super. at 411, 635 A.2d 586 (citations omitted). However, this court holds that the appropriate rate in this case is not $225.00, but rather, $150.00.
A court is empowered to adjust the rate so it is reasonable. Id. Although this motion for fees has been hotly contested by both defendants, its substance is not complex. Part of the time spent appears to have been occasioned by the novelty of a fee application to plaintiff's attorneys. The hours spent on the fee application are thus not objectively reasonable. They will be reduced to a more reasonable fifty hours. The Project again *164 allocated its fees: forty-three percent for Hovnanian and fifty-seven percent for both defendants. This court concurs in this division. Vargas, supra, 750 F. Supp. at 689-691.
Thus, the fees for the fee application preparation are $7,500.00 (50 hours x 150.00 = $7,500.00). Of that figure, Hovnanian must pay $3,225.00 (0.43 x $7,500.00 = $3,225.00), and defendants are jointly and severally liable for the remaining $4,275.00 (0.57 x $7,500.00 = $4,275.00).

4. Travel Time.

Plaintiff has asserted it is owed $1,820.00 for travel time, with $370.00 of that amount caused solely by negotiations with Hovnanian alone. The Project charged $100.00 per attorney travel-hour. Thus the Project claims a 18.2 hour total, of which 3.7 hours are attributable to Hovnanian. This court finds the rate and the division of liability to be reasonable. Council Enterprises Inc., supra, 200 N.J. Super. at 443, 491 A.2d 789. However, some of the travel time claims must be disregarded. Id.
The time for travel claimed by Project attorney David Lazarus is problematic. Mr. Lazarus neglected to keep contemporaneous time sheets of his travel time, and thus was left to the task of reconstructing his hours. He claims the total to be four hours, thirty minutes.
As our the Supreme Court stated, the reconstruction of time charged is not an automatic bar to recovering for those hours. Szczepanski, supra, 141 N.J. at 367, 661 A.2d 1232. However, the Court strongly disfavors their use, except in exceptional circumstances. Id. This court strikes the use of these fees in connection with this proceeding. Plaintiff's counsel has not asserted any reason for neglecting to keep the records; rather, he merely included in his time sheets an estimate of time in route. Thus, this court reduces the fee to be paid by both defendants jointly and severally by $450.00 (4.5 hours x $100 = 450.00).
*165 Therefore the amount to be paid by Hovnanian for travel time is $370.00 (3.7 hours x $100.00 = $370.00); the total joint and several liability for both defendants is $1,000.00 ($1,820.00 - $370.00 = $1,450.00; $1450.00 - $450.00 = $1,000.00).

5. Costs.

The Project is entitled to the reasonable costs associated with both the underlying case and this fee application. Robb, supra, 269 N.J. Super. at 411-413, 635 A.2d 586; Council Enterprises, Inc., supra, 200 N.J. Super. at 443-444, 491 A.2d 789. The court finds reasonable plaintiff's costs incurred by reason of the case in chief and this motion. After the court subtracts the travel time plaintiff included in its computation of costs, the total equals $1,722.99 ($3,542.99 - $1,820.00 = $1,722.99). This amount is allowed, with the $8.55 attributable to Hovnanian to be paid by it alone, with the rest, $1,714.44, to be borne by both jointly and severally.

HOVNANIAN'S MOTION.
In light of this court's favorable decision regarding HIP's motion for attorney fees, Hovnanian's assertion the suit was frivolous has evaporated and thus has no substance. Thus, Hovnanian's motion is denied. See Deutch & Shur, P.C. v. Roth, 284 N.J. Super. 133, 663 A.2d 1373 (Law Div. 1995).
This court will enter judgment against the following defendants in the listed amounts:

 Hovnanian:
 -substantive case: $2,805.66
 -fee application: 3,225.00
 -travel time: 370.00
 -costs: 8.55
 __________
 TOTAL: $6,409.21
 ==========
*166 Hovnanian and the Official:
 (joint and several liability)
 -substantive case: $5,774.34
 -enhancement: 429.00
 -fee application: 4,275.00
 -travel time: 1,000.00
 -costs: 1,714.44
 __________
 TOTAL: $13,192.78
 ==========
 Total liability on the motion: $19,601.99

MOTION FOR RECONSIDERATION:
The Official has moved for reconsideration of that portion of the order which provided that the Township is indebted jointly and severally to plaintiff for $13,192.78 attorneys fees and costs.
The claim is that none of the items listed as part of the settlement between HIP and Hovnanian required an agreement by the Construction Official; and that the granting of the variation by the Official from the barrier-free subcode benefitted Hovnanian and was contrary to the relief requested by HIP. The variation, it is said, permitted Hovnanian to install one 24" grab bar to a wall, whereas HIP stated that the Subcode required a 40" grab bar; and that HIP did not achieve any degree of success as to the item included in the request for a variation. Thus, it is contended, HIP is not a prevailing party as to the Construction Official. It is asserted that he did no more than what he was committed to do as an officer under the Uniform Construction Code, i.e., to review the request for a variation and the revised plans agreed upon by Hovnanian and HIP to assure that they satisfied Code requirements. Thus, it is said, HIP did not achieve success on any significant issue as to the Construction Official.
Hovnanian and HIP oppose the motion. The former claims that it should not be liable if the Construction Official is not, and in the alternate, the court should not sever the liability shared defendants *167 since they acted in concert in the underlying case.[1] HIP argues the court was correct in its judgment.
First, Hovnanian and the Construction Official misconstrue the basis for the court's decision. The Construction Official was required by the consent judgment to grant a formal variation consistent with the terms of the judgment. The fact that in granting it he benefitted Hovnanian does not affect this determination. Thus the Construction Official and Hovnanian remain liable for the fees in this case.
But there is another reason why the amount payable by the Construction Official must be reduced.
In a recent case decided January 31, 1996, the Appellate Division, in another context, stated that in fixing fees against a governmental entity, the judge must appreciate the fact that "the cost is ultimately borne by the public" and that "the Legislature ... intended that the fees awarded serve the public interest as it pertains to those individuals who require redress in the context of a recognition that limited public funds are available for such purposes." Furey v. County of Ocean, 287 N.J. Super. 42, 46, 670 A.2d 120, 123 (1996). The court did not take this factor into consideration when it awarded the fees here involved against the Construction Official on January 26, 1996. The court must do so now.
With the foregoing standard in mind, the court finds that a reasonable portion of the fee and costs to be borne by the municipality (the Construction Official) is one-third of the $13,192.78 heretofore awarded against Hovnanian and the Official jointly and severally, with the balance to be borne solely by *168 Hovnanian. The total awarded HIP will remain the same. Accordingly, the judgment is modified as follows:

 Hovnanian  several liability:
 $ 6,409.21
 plus 2/3 of $13,192.78: + 8,795.18
 ___________
 $15,204.39
 The Construction Official  several liability:
 1/3 of $13,192.78 = $4,397.60

NOTES
[1] Hovnanian does not question that portion of the court's judgment applicable to it alone.